Opinion by
 

 Watkins, J.,
 

 This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia after conviction in a nonjury trial for possession of dangerous drugs; from the denial of the court below of a Petition to Suppress Evidence; and from the denial of post-trial motions. He was sentenced to three to twelve months imprisonment.
 

 On November 16,1970, two detectives armed with a bench warrant, the legality of which is admitted by the appellant, arrived at his premises at about 1:15 P.M. They knocked loudly on the apartment door and stated who they were and the purpose of the visit. No response was received so the knock and announcement were repeated. Having received no response, they tried the door, found it unlocked and fastened on the inside
 
 *165
 
 by a chain. They could partially open the door and view the interior. The police observed the appellant sleeping fully clothed on a bed. Repeated shouts aroused the appellant who waldng reached in a menacing fashion under the mattress. The police broke the chain and seized the appellant.
 

 Under the mattress the police found a loaded revolver, fully operable. The appellant blurted out “you got me”. He was informed of his constitutional rights and then refused to make any statement. As the detectives were about to leave the apartment with their prisoner, he asked for his coat. One of the detectives picked it up, searched it for weapons, and found a Manila envelope marked with the letters: “PUR” on the outside. The appellant blurted out “you got me, it’s a half ounce of meth”.
 

 On top of a coffee table in full view of the officers they saw another Manila envelope similar to the one taken from the appellant’s coat pocket. The contents of both envelopes were analyzed and revealed 854 and 9.2 grains of Methamphetamine Hydrochloride, respectively. The appellant moved to suppress the evidence which the court below denied.
 

 The question raised before us on appeal is the legality of the seizure of the two packages taken from him at the time of his arrest with a body warrant. Admission of evidence of the second envelope was merely cumulative and added little to the Commonwealth’s case against the appellant. The doctrine that a search of appellant and of his immediate surroundings without a search warrant may be conducted, if incident to a lawful arrest, is clearly lawful.
 
 Ker v. California,
 
 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623 (1963). The contention of the appellant, however, is that in the instant case the search went beyond the scope permitted as incidental to a lawful arrest.
 
 Chimel v. California,
 
 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969).
 

 
 *166
 
 In this ease, the officers had notice of the dangerous character of the appellant. They saw him attempt to reach a loaded revolver under the mattress so that their concern was entirely reasonable. This clearly explains their going into the drawer where money was found and which he tried to open and the search of the coat. When the search of the coat was made and the drugs discovered, it was the appellant that declared the envelope contained a dangerous drug. The similar envelope, in open view on top of the table, was properly seized in view of what had transpired. The contention that a body warrant does not justify a general search of his surroundings is valid. Here the detectives searched only the jacket which the appellant was preparing to wear. Since he was under arrest and since a revolver had been found under the mattress which he had attempted to use, the police were clearly justified in searching the coat.
 

 The doctrine of a search incident to arrest permits, and in fact requires, not only the seizure of such obvious weapons as a gun or a knife but of any items which would conceivably cause harm to the jailer or to the prisoner himself.
 
 Charles v. United States, 278 F.
 
 2d 386 (9th Cir. 1960).
 

 If a suspicious package is found on his person the exact nature of which is not readily apparent, the police are justified in examining it further as otherwise the retention may permit the prisoner to go to prison with dangerous drugs or other items if he is clever enough to conceal them on his person.
 
 Chimel v. Cali
 
 fornia, supra, cited by the appellant limited the scope of search incident to an arrest to the appellant’s person and to the area within his immediate control. What was prohibited was routine general searches of the premises or of closed or concealed areas not readily accessible to the officer. In the instant case, the jacket
 
 *167
 
 was searched and the appellant announced the contents of the package which contained easily destructible evidence.
 

 Terry v. Ohio,
 
 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1888 (1968), cited by the appellant, is entirely in-apposite. The Court in
 
 Terry,
 
 at page 25, said that a search incident to an arrest “can therefore involve a relatively extensive exploration of the person.” The search made after a lawful arrest is for destructible evidence as well as dangerous weapons.
 
 Warden, Maryland Penitentiary v. Hayden,
 
 387 U.S. 294, 18 L. Ed. 2d 782, 87 S. Ct. 1642 (1967);
 
 Coolidge v. New Hampshire,
 
 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971).
 

 The second envelope was validly seized. It was identical in appearance to the envelope which was found in the appellant’s coat and concerning which he announced its contents. Further, it was in plain view on top of the coffee table. The officer would have been derelict in his duty, under the circumstances surrounding the first envelope, not to have seized this one.
 

 “The ‘plain view’ exception to the warrant requirement is not in conflict with the law of search incident to a valid arrest expressed in Chimel v. California, 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034. The Court there held that ‘(t)here is ample justification . . . for a search of the arrestee’s person and the area “within Ms immediate control” — construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence.’ Id., at 763, 23 L. Ed. 2d at 694. The ‘plain view’ doctrine would normally justify as well the seizure of other evidence that came to light during such an appropriately limited search .... Where, however, the arresting officer inadvertently comes within plain view of a piece of evidence, not concealed, although outside of the area under the immediate control of the arrestee, the offi
 
 *168
 
 cer may seize it, so long as the plain view was obtained in tbe course of an appropriately limited search of tbe arrestee.”
 
 Coolidge v. New Hampshire,
 
 supra, at pages 465-66, footnote 24.
 

 Judgment of sentence affirmed.
 

 Hoffman, J., concurs in tbe result.