Commonwealth *v.* DeFleminque, Appellant.

Argued November 27, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Michael L. Levy,* Assistant Defender, with him *Jonathan Miller,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Linda W. Conley,* Assistant District Attorney, with her *Milton M. Stein,* Assistant District Attorney,

*James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 19, 1973:

In the predawn hours of October 14, 1970, at approximately 3:20 a.m., police officers of the City of Philadelphia were cruising in a police vehicle in the area of Sixth and Buttonwood Streets. They there observed a white automobile parked in front of Paxson School. One man was observed at the front of the automobile, the hood of which was up. That man was observed to be holding a flashlight. Another man, the appellant in this case, was seen coming from the rear of Paxson School, carrying a large cardboard box, which he placed into the open trunk of the white automobile which the officers had observed. The officers approached the scene and noticed in the open trunk of the white vehicle two large speakers or amplifiers, as well as a number of tapes of a type used in tape-recording equipment. The police officers asked appellant to explain his actions, and they were told by him that he had left the car to go behind the school to urinate and had taken the materials found in the trunk of the car with him because he did not wish to leave them in the car while he relieved himself. The officers went to the rear of the school building, but could observe nothing unusual. They nevertheless placed the two men under arrest and took them, the vehicle involved, and its contents to their duty station.

The investigation continued, and about an hour later a Philadelphia detective discovered that the grillwork over a window at the school had been pried loose. Further investigation disclosed other school property stacked inside of the window from which the grillwork

had been loosened, and all of that material, together with the material seized from the trunk of the parked car, was later identified as being the property of the communications workshop of the Paxson School. Appellant was charged with burglary, larceny and receiving stolen goods, and, after a nonjury trial, was found guilty of receiving stolen goods. His post-trial motions were denied, and he was sentenced to a term of imprisonment of not less than six nor more than twenty-three and one-half months. The Superior Court affirmed the judgment of sentence and we allowed an appeal.

The sole issue raised in this appeal is the asserted error of the trial court in refusing appellant's application to suppress the evidence seized from the trunk of the car. Appellant's position is that there was no probable cause for his arrest and that evidence seized in a search incident to that arrest should have been suppressed. Appellant's position, reduced to its essentials, is that the activity in which he was engaged was wholly innocuous and that since the police had no information that a crime had been committed, his mere activity of placing a cardboard box in the trunk of a car did not provide probable cause for his arrest. We do not view the circumstances of this case in such simple terms.

Probable cause exists where the facts and circumstances within the knowledge of the police officer are sufficient to warrant a man of reasonable caution in the belief that a crime is being or has been committed. *Commonwealth v. Brayboy,* 431 Pa. 365, 246 A. 2d 675 (1968). Here, the officers observed a man coming from behind a public school building, carrying a large box, at 3:20 a.m. That box was placed into the open trunk of a car which was in front of the school building and obviously attended by another man with a flashlight. While those circumstances alone might not constitute probable cause for an arrest, they were certainly suffi-

cient to place the officers on inquiry. Their inquiry elicited a response which was, to say the least, highly incredible. There certainly would be no rational reason to remove materials from the trunk of a car in order to safeguard them for a short period of time where there was someone else on the scene to assure the safety of the items concerned. The bizarre explanation offered, coupled with the emergence of appellant from behind a school building, carrying items which might very well have come from the school, at an hour when such things do not usually occur, together with the presence of a companion in possession of an instrument which might readily be used as a signalling device, in our view would warrant a man of reasonable caution in the belief that a crime was being or had been committed. What the officers saw in the trunk of the car were items in plain view. Probable cause for an arrest should not be confused with probable cause for the issuance of a search warrant.

Appellant relies heavily upon *Commonwealth v. Lewis*, 442 Pa. 98, 275 A. 2d 51 (1971). In that case, the defendant had been stopped by a police officer for a traffic violation. We there held that the officer had nothing upon which to base a search or seizure of the contents of the vehicle which the defendant had been driving. That case is readily distinguishable on its facts from the instant case. Here, as above indicated, the police officers would have had to shut their minds to a number of circumstances which indicated criminal activity to avoid making an arrest. This we will not ask them to do. Appellant also relies on *Henry v. United States*, 361 U.S. 98, 4 L. Ed. 2d 134, 80 S. Ct. 168 (1959), where the United States Supreme Court reversed a conviction based upon evidence seized by the arresting officers. In that case, the officers had observed the defendants taking cartons from a home and placing them in a vehicle. The court there held

that that activity alone was insufficient to raise probable cause for the arrest. The *Henry* court, however, pointed out that the result might be different had the defendants been seen taking the cartons from some other place, such as a trucking terminal. In the instant case, appellant was seen coming from behind a school building, at an unusual hour, carrying a carton which the officers could readily observe contained items easily connectable with school activities. He offered a totally incredible explanation for his activity, and we are convinced that the police officers involved had reasonable justification for the arrest and that the trial court properly refused to suppress the evidence.

Order affirmed.