Commonwealth *v.* Mackie, Appellant.

Argued May 4, 1973.   Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

*Kenneth Mirsky,* Assistant Defender, with him *Jonathan Miller,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Louis A. Perez, Jr.,* Assistant District Attorney, with him *Benjamin H. Levintow* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, May 24, 1974:

This appeal involves a street encounter between a citizen and a police officer which resulted in the arrest of the citizen. The issue is whether the arresting police officer had the constitutionally required probable cause to arrest the appellant, Thomas Mackie. *See* U.S. Const. amend. IV; Pa. Const. art. I, §8. The appellant raised the issue in a pretrial application to suppress evidence. The application was denied, and the appellant was found guilty, in a nonjury trial, of receiving stolen goods. Post-verdict motions were denied and the judgment affirmed per curiam in an appeal to the Superior Court. *Commonwealth v. Mackie,* 220 Pa. Superior Ct. 741, 286 A. 2d 407 (1971). We granted the appellant's petition requesting an allowance of appeal to this Court. We now reverse the judgment of sentence and award a new trial.

The arresting officer was on traffic control duty at an intersection in an area which the officer described as a high crime area when he saw Mackie about ten feet away "walking" along the street "with a portable

television in his right hand and a pair of field glasses in his left hand slung over his shoulder." The television set was not "encased in any carton or box . . . [t]he field glasses were in a case." The officer decided to stop the appellant for "investigation and to ask him why he was walking down the street with the television." The officer testified: "I asked him—I asked the defendant where was he going. The defendant told me he was going home. I asked him where did he live at. He told me in the [3100] block of Bancroft. I asked the defendant where he was coming from. He told me 3800 North 18th Street. I asked where did he get the t.v. from. He told me him and his girl friend had an argument. He took the t.v. back. So I told him it was unusual for him to be coming from 3800 North 18th Street all the way to Broad and Erie and Bancroft Street is only seven blocks away. The defendant told me that he was looking for a cab and there was no cab that passed him on the way. So I asked the defendant did he have any money to catch a cab. He said no, he was going home, let the cab take him home and pay the cab when he got home. So the story didn't seem right. So I took the defendant in for investigation."

After the arrest of the appellant, the items being carried were identified as stolen property by the property owner and the identification was introduced into evidence during the appellant's trial. The police officer testified that the owner had identified the property prior to trial, but the owner did not testify. These subsequent events, however, are irrelevant to the issue of probable cause for arrest. That issue must be determined on the facts and circumstances known "at the moment the arrest was made." *Adams v. Williams,* 407 U.S. 143, 148, 32 L. Ed. 2d 612, 618, 92 S. Ct. 1921, 1924 (1972).

The arresting officer in this case may have had good faith suspicions, but "common rumor or report, sus-

picion, or even 'strong reason to suspect' [is] not adequate to support" an arrest. *Henry v. United States,* 361 U.S. 98, 101, 4 L. Ed. 2d 134, 138, 80 S. Ct. 168, 170 (1959); *see Commonwealth v. Holton,* 432 Pa. 11, 247 A. 2d 228 (1968). Probable cause to arrest depends upon whether, at the moment the arrest was made, the facts and circumstances within the arresting officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the citizen had committed or was committing an offense. *Adams v. Williams,* 407 U.S. 143, 148, 32 L. Ed. 2d 612, 618, 92 S. Ct. 1921, 1924 (1972); *Beck v. Ohio,* 379 U.S. 89, 91, 13 L. Ed. 2d 142, 145, 85 S. Ct. 223, 225 (1964); *Commonwealth v. Brayboy,* 431 Pa. 365, 246 A. 2d 675 (1968). "It is important . . . that this requirement be strictly enforced. . . ." *Henry v. United States,* 361 U.S. 98, 102, 4 L. Ed. 2d 134, 138, 80 S. Ct. 168, 171 (1959). "Anything less would invite intrusions upon constitutionally guaranteed rights based on nothing more substantial than inarticulate hunches, a result this Court has consistently refused to sanction." *Terry v. Ohio,* 392 U.S. 1, 22, 20 L. Ed. 2d 889, 906, 88 S. Ct. 1868, 1880 (1968); *cf. Commonwealth v. Pegram,* 450 Pa. 590, 301 A. 2d 695 (1973).

The good faith suspicions of the arresting officer in this case may have justified "[a] *brief* stop" of the citizen "in order to determine [his] identity or to maintain the status quo *momentarily.* . . ." *Adams v. Williams,* 407 U.S. 143, 146, 32 L. Ed. 2d 612, 617, 92 S. Ct. 1921, 1923 (1972) (emphasis added); *see Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968). The officer's suspicions, however, did not justify the arrest of the citizen.

The police officer did not have any information that a crime had been committed. The appellant was walking along the street during daylight hours. All kinds of people carrying all kinds of articles also walk along

the streets during the day. Some of these people may appear suspicious to others. That does not warrant their arrest. The appellant in this case may have acted suspiciously. Although we do not understand why appellant's conduct before the stop was considered suspicious, even assuming it occurred in a high crime area, his explanation to the police officer may have justified some suspicion. The suspicious conduct, however, did not justify an arrest. The facts and circumstances known to the arresting officer may have warranted his suspicions, but not any belief that the appellant *had committed* or was committing a crime. *Cf. Commonwealth v. Jeffries,* 454 Pa. 320, 311 A. 2d 914 (1973).

The prosecution cites *Commonwealth v. DeFleminque,* 450 Pa. 163, 299 A. 2d 246 (1973), but the facts and circumstances in other cases are of little help in determining whether probable cause existed for an arrest. "Street encounters between citizens and police officers are incredibly rich in diversity." *Terry v. Ohio,* 392 U.S. 1, 13, 20 L. Ed. 2d 889, 901, 88 S. Ct. 1868, 1875 (1968). Each case must be reviewed under its own unique facts and circumstances. *DeFleminque* was significantly different than this case. In *DeFleminque,* the defendant was seen coming from behind a school building, in the predawn hours, around 3:00 a.m., carrying a large box which he placed in the open trunk of an automobile. Other items were observed in the trunk which were easily connectable with school activities. The defendant offered a "bizarre" and "totally incredible" explanation under all of the facts and circumstances. In this case, the appellant was walking along the street around the noon hour and his explanations, while perhaps suspicious, were not bizarre or totally incredible.

The identification of the property by the owner was the fruit of the illegal arrest. Had the illegal arrest not occurred, the identification of the property may

never have been possible. This evidence should have been suppressed and its use during the trial, was, therefore, reversible error. *Wong Sun v. United States,* 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963).

The order of the Superior Court and the judgment of sentence of the trial court is reversed and a new trial awarded.

Mr. Chief Justice JONES and Mr. Justice POMEROY dissent.

Mr. Justice NIX took no part in the consideration or decision of this case.