Commonwealth *v*. Tookes, Appellant.

Submitted March 24, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Dianne Carlson* and *John W. Packel,* Assistant Defenders, and *Benjamin Lerner,* Defender, for appellant.

*Stephen Levin, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., September 22, 1975:

At approximately 9:00 P.M., on April 15, 1974, Officer Gale Clements of the Philadelphia Police Force was on patrol with his partner, Officer Dembeck, when a call came over the police radio that a burglary was in progress at Frank's Luncheonette, 13th and Wood Streets. The call included the following description of the burglar: Negro male wearing a red knit hat and brown leather coat, and carrying a large object. Proceeding toward the area of 13th and Wood Streets, the police officers came upon appellant Tommie Tookes approximately 3 blocks from the scene of the burglary, between 5 and 10 minutes after receiving the radio call. Appellant, a Negro male, was wearing a red knit hat and a brown coat, was carrying a large (22½″ by 8½″ by 9″) radio (later identified as having been taken from the luncheonette), and was walking in a direction away from the scene of the burglary. The police officers arrested appellant and transported him back to the scene of the burglary and then to the police station. Appellant was tried on June 13, 1974, by a judge sitting without a jury, was convicted of burglary, and was sentenced on July 24, 1974 to ten years probation. Appellant made a timely motion to suppress all evidence obtained by the police in conjunction with the arrest, and is challenging in this appeal the

refusal of the lower court judge to suppress the physical evidence (the radio) obtained as the "fruit" of his allegedly illegal arrest.

Whether or not an arrest is constitutionally valid depends upon whether at the moment the arrest is made the arresting police officers have probable cause to make the arrest—whether at the time of the arrest the facts and circumstances within the knowledge of the arresting officers, and of which they have reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in believing that the suspect has committed or is committing a crime. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964) ; *Commonwealth v. Murray*, 437 Pa. 326, 329, 263 A.2d 886 (1970) ; *Commonwealth v. Brayboy*, 431 Pa. 365, 369, 246 A.2d 675 (1968). The circumstances of this case—the fact that appellant was picked up only three blocks from the burglarized restaurant, such a short time (within approximately 5 to 10 minutes) after the burglary occurred, wearing clothing matching the description of that worn by the burglar, and carrying a large object (as the burglar was reported to be carrying)—certainly were such as to justify men of reasonable caution in believing that appellant was the person who had just burglarized the luncheonette. We find that the police officers did have probable cause to arrest appellant, and that the physical evidence (the radio) found on appellant at the time of his arrest was therefore properly admitted into evidence. *Henry v. United States*, 361 U.S. 98, 80 S. Ct. 168, 4 L. Ed. 2d 134 (1951).

The situation in the case before us is distinguishable from the situation in *Commonwealth v. Berrios*, 437 Pa. 338, 263 A.2d 342 (1970) (relied on by appellant), in that the description received over the police radio by the arresting officers in *Berrios*[1] was less specific than the de-

---

1. Three males, two Negroes in dark clothing, and one Puerto Rican in light clothing, walking east on Ontario Street.

scription received by Officers Clements and Dembeck, and in that the period of time which elapsed between the receipt of the radio message by the police officers in *Berrios* and their confrontation with the suspects was more than twice as long as the time that passed between the time Officers Clements and Dembeck received the call and the time they arrested appellant Tookes.

Judgment affirmed.