Commonwealth *v.* Getz, Appellant.

470

Submitted September 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John P. Lawler*, Public Defender, for appellant.

*C. Daniel Higgins*, Assistant District Attorney, and *James F. Marsh*, District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., September 22, 1975:

Appellant was convicted by a judge sitting without a jury of burglary and larceny. Motions for a new trial and in arrest of judgment were filed and denied, and appellant was sentenced to 7½ to 15 years imprisonment on the burglary conviction, and in addition was ordered to pay a $100.00 fine and make restitution. Sentence was suspended on the larceny conviction.

The facts of the case follow: On November 4, 1972, an Easton police officer received a message that an anonymous caller had informed the police of a "suspicious person in the area of the Star Cafe loading cases of whiskey into a U-Haul van." When the officer arrived on the scene he found the van with the side doors open and a female occupant in the front seat. He saw "approximately 15 to 18 cases of liquor stacked up inside the truck. . . . There were liquor control numbers on stickers stuck onto the cases." When appellant emerged from the van, the officer asked about the cases. Appellant said that the unsealed ones were for storage while the sealed ones contained liquor he had purchased. The officer asked for a purchase receipt, and appellant responded that he had one in his apartment. Appellant led the officer to a nearby stairway and up to his apartment on the second floor. The door to the apartment was held open by several cases of liquor and the officer saw other cases of liquor inside

the apartment. Upon reaching the top of the stairs, appellant turned and kicked the officer twice. A fight ensued, which took the parties into the kitchen of the apartment, onto the second floor landing, and back down the stairs. During the fight a second officer arrived, and the two officers arrested appellant for assault on a police officer. After appellant and the first officer were taken to a hospital, a warrantless search of appellant's apartment, the stairway, and the U-Haul van was conducted and 32 cases of liquor were seized, 14 from within the building and 18 from the van. When it was discovered that a State Store had been burglarized, appellant was arrested for burglary and larceny.

Appellant does not question the propriety of his arrest for assault; he does question the search and seizure.

When a police officer justifiably at the scene sees contraband in plain view, his observation is not a search within the meaning of the Fourth Amendment. Thus, no warrant is required. *Commonwealth v. Davenport,* 453 Pa. 235, 308 A.2d 85 (1972); *Commonwealth v. Rota,* 222 Pa. Superior Ct. 163, 292 A.2d 496 (1972); *Commonwealth v. Bowers,* 217 Pa. Superior Ct. 317, 274 A.2d 546 (1970). The 18 cases in the open U-Haul van were in the plain view of the officers. These facts are substantially indistinguishable from those ruled upon in *Commonwealth v. DeFleminque,* 450 Pa. 163, 299 A.2d 246 (1973), where it was held that the warrantless seizure of contraband from the open trunk of an automobile was proper. We therefore hold that the seizure of the 18 cases from within the van was proper.

The situation is different as regards the 14 cases seized from within the building. The Commonwealth contends that this seizure was pursuant to a search incident to a lawful arrest and as such did not require a warrant.

"When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to

use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule. A gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested. There is ample justification, therefore, for a search of the arrestee's person and the area 'within his immediate control'— construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Chimel v. California,* 395 U.S. 752, 762-63 (1969).

In the present case, the search, at least of the apartment,[1] exceeded these limitations. While it could be considered "substantially contemporaneous" with the arrest, it was not "confined to the immediate vicinity of the arrest," since appellant was arrested at the foot of the stairway, on the ground level, while the search took place on the second floor. *Commonwealth v. Harris,* 429 Pa. 215, 218, 239 A.2d 290, 292 (1968). We believe that *Vale v. Louisiana,* 399 U.S. 26 (1970), is controlling. In *Vale,* after the defendant had been arrested in the street, the police searched the interior of his house without a warrant. The United States Supreme Court held that the search violated the defendant's fourth amendment rights. The same reasoning is applicable to the present case.

---

1. We cannot tell from the record whether the stairway was a place as to which appellant had an expectation of privacy. If it was not, an issue of appellant's standing would arise. However, this issue has not been argued.

Nevertheless, we shall not reverse. Nothing turns upon the exact number of cases stolen. Guilt was established through the seal on the liquor cases. Each seal bore the individual state store number and delivery date. The 18 cases seized from the open van were plain proof of guilt; the 14 cases seized within the building were merely cumulative evidence, the admission of which was harmless. *Commonwealth v. Ravenell,* 448 Pa. 162, 292 A.2d 365 (1972); *Commonwealth v. Smith,* 443 Pa. 151, 277 A.2d 807 (1971).

The decision of the lower court is affirmed.

CERCONE, J., concurs in result.

---

CONCURRING OPINION BY PRICE, J.:

I concur in the result reached by the majority but must note specifically that I do not agree with the discussion or conclusion reached as to the seizure of the 14 cases seized from within the building. I would hold the seizure of all the cases to have been proper. This I believe to be so since the first officer had not arrested appellant prior to seeing the 14 cases in plain view in the apartment, where the officer was invited by appellant for the purpose of showing a purchase receipt.

I would affirm the judgment of sentence on the basis of all of the evidence.

WATKINS, P.J., and JACOBS, J., join in this concurring opinion.