380 A.2d 887

COMMONWEALTH of Pennsylvania

v.

**Harry HILL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided Dec. 2, 1977.

improperly granted. Therefore, I would also affirm the lower court's order discharging appellee on this charge.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Early in the afternoon on March 9, 1976, a bank on South 52nd Street in Philadelphia was robbed. A call went out over the police radio describing the robbers as two negro males, one light-skinned, both with short-cropped hair, one wearing a green army jacket and one wearing a short brown coat. Officer Dennis Jerome and a fellow police officer heard the call and proceeded in their stakeout wagon in the direction of the bank. On the way, they passed appellant Harry Hill, a light-skinned negro with short-cropped hair, wearing a green army jacket, sitting in a car with a negro companion who also had short-cropped hair and who was wearing a green army shirt. The police officers got out of their wagon and asked appellant and his companion to step out of their car. A search of appellant's person turned up an operable .22 calibre automatic pistol with obliterated serial numbers in appellant's right front jacket pocket. Appellant was arrested and was charged with carrying a firearm without a license, altering or obliterating firearm identification marks, possession of an instrument of crime, possession of a prohibited offensive weapon, and conducting a lottery.

Appellant was tried in Philadelphia Municipal Court on May 18, 1976, was found guilty of carrying a firearm without a license, and was sentenced to pay a fine of $100 plus costs. On certiorari to the Philadelphia Court of Common Pleas, appellant argued that the Commonwealth had failed to prove its case because it had not proved appellant to be the person referred to in a State Police document which certified that Harry Hill of 5506 Spruce Street was not licensed to carry a firearm, and that the Municipal Court

had erred in denying his motion to suppress the gun as fruit of an illegal arrest. The Court of Common Pleas, by Order dated August 11, 1976, denied appellant relief, and appellant brought this appeal to our court raising the same two issues. Neither one merits a reversal.

It is clear that the burden rests with the Commonwealth to prove beyond a reasonable doubt that a person accused of carrying a firearm without a license in fact did not have a license to carry the firearm. *Commonwealth v. McNeil*, 461 Pa. 709, 337 A.2d 840 (1975). In the case before us, the Commonwealth introduced a certificate to establish that one Harry Hill, negro male, age 21, social security number 193–46–9876, of 5506 Spruce Street, had not been issued, as of March 9, 1976 (the date of the offense) a registration permit or license under either Section 6106(c) or Section 6109 of the Crimes Code. Appellant argues, however, that the Commonwealth produced no evidence to indicate that appellant was the Harry Hill referred to in the certificate, or, since appellant remained mute at arraignment and did not testify at trial, that appellant was even named Harry Hill. Although clever, appellant's argument is not persuasive. Included with the official record certified to our court is a document captioned "Defendant Notice of Appearance." This paper, addressed to "Harry Hill" and signed by "Harry Hill," ordered Mr. Hill to appear in Philadelphia Municipal Court, room 675, on May 18, 1976, as a defendant in case 76–03–1113. Appellant appeared at the time and place indicated, thereby acknowledging that he answered to the name Harry Hill. Other documents, the Municipal Court Hearing List, the Complaint, and the Criminal Transcript, indicated that the defendant's address was 5506 Spruce Street. Finally, the Certification of Bail and Discharge for Municipal Court No. 76–3–1113 was signed by Harry Hill of 5506 Spruce Street. It is clear from the record that appellant was the person indicated in the State Police certificate, and that appellant was not licensed to carry a firearm.

Appellant also argues that the pistol found on his person was the fruit of an illegal arrest and search and

should have been suppressed by the lower court. We disagree. Whether a police officer has probable cause to arrest depends upon whether at the time of the arrest the facts and circumstances within the knowledge of the officer, or of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in believing that the suspect has committed or is committing a crime. *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Commonwealth v. Murray*, 437 Pa. 326, 329, 263 A.2d 886 (1970); *Commonwealth v. Tookes*, 236 Pa.Super. 386, 388, 344 A.2d 576 (1975). Each case must be reviewed under its own unique facts and circumstances. *Commonwealth v. Mackie*, 456 Pa. 372, 376, 320 A.2d 842 (1974). In the case before us, police officers received a radio bulletin that two men had just robbed a nearby bank. Proceeding in the direction of the bank, the police officers came upon appellant and his companion approximately twenty to twenty-five minutes after the robbery, sitting in a car within two blocks of the bank. The police did not know in which direction the robbers had headed, and apparently did not know whether the robbers had left the bank on foot or in a car. Twenty minutes was not such a long time that it could be said with assurance that the robbers would certainly have left the area, and appellant and his companion matched the descriptions of the robbers well enough that the police would have been negligent in not stopping to investigate. We find under the facts of this case that the police had probable cause to believe that appellant and his companion had been involved in a bank robbery. The gun found during a patdown of appellant was the fruit of a lawful arrest and therefore admissible as evidence. *Preston v. United States*, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). The lower court properly denied the suppression motion.

The Order of August 11, 1976, is affirmed.

JACOBS and SPAETH, JJ., concur in the result.

HOFFMAN, J., files a dissenting opinion in which CERCONE, J., joins.

HOFFMAN, Judge, dissenting:

Appellant contends that the evidence was insufficient to convict him of carrying an unlicensed firearm.[1] I agree and, therefore, would reverse the order of the lower court and order appellant discharged.[2]

On March 9, 1976, Officer Dennis Jerome of the Philadelphia Police Department was operating a marked stakeout wagon assigned to patrol in West Philadelphia. At 1:22 p. m., he received a radio flash that two men had robbed a bank at 15 South 52nd Street, eight blocks away. Approximately twenty-five minutes later, the officer noticed appellant sitting in a parked car about one block from the bank. Because Officer Jerome believed that appellant matched the description of one of the robbery suspects, he approached the car, ordered appellant and his companion to step out, and patted them down. The officer seized a .22 calibre automatic pistol and 6 unspent bullets. Both men were arrested immediately and transported to the bank where bank employees failed to identify either man. Appellant was then charged with possession of a prohibited offensive weapon,[3] possession of an instrument of crime,[4] possession of an unlicensed firearm, altering or obliterating marks of identification[5] and conducting an unlawful lottery.[6]

On May 18, 1976, the municipal court heard and denied appellant's application to suppress all physical evidence. At the conclusion of the suppression hearing, the Commonwealth withdrew the lottery charge, and trial commenced on the remaining charges. When the court asked how appel-

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 6106.

2. Because I would hold that the evidence is insufficient to sustain a finding of guilt, I do not address appellant's contention that he was subjected to an unlawful search and seizure.

3. The Crimes Code, *supra*; 18 Pa.C.S. § 908.

4. The Crimes Code, *supra*; 18 Pa.C.S. § 907.

5. The Crimes Code, *supra*; 18 Pa.C.S. § 6117.

6. The Crimes Code, *supra*; 18 Pa.C.S. § 5512.

lant would plead, his counsel entered a plea of not guilty on his behalf because appellant stood mute. Officer Jerome, the only Commonwealth witness, testified about the circumstances leading up to the seizure of the weapon. When asked from whom he took the pistol, the officer simply pointed to appellant. Appellant's counsel stipulated to the fact that the pistol was operable but objected to the introduction of any other information contained in the proffered ballistics report. The court sustained the objection in part but ruled that the following information was admissible: "It was found to be a pistol, Florida Firearms Corporation, Italian Glaesi, model 9 (pocket), calibre .22 automatic with the serial number removed. The barrel length was two and a half inches, the finish was blued with white plastic grips. . . . ."

The Commonwealth also introduced a certificate from the Commissioner of the Pennsylvania State Police and the Director of the Records and Identification Division which stated: "As of March 9, '76 a search of the appropriate records of the Pennsylvania State Police reveals that Harry Hill, date of birth, 2–26–55, age 21, address 5506 Spruce Street, Social Security number 193–46–9876, sex male, race negro, date of incident 3–9–76, as of March 9, '76 that that person has not been issued a license to carry firearms under the provisions of Section 6109 of the Crimes Code; has not been issued a provisional firearms registration permit under 'the provisions of Section 6106(c) of the Crimes Code.'" After the admission of the information contained in the State Police certification, the Commonwealth rested; appellant demurred. The court overruled the demurrer and found appellant guilty of possession of a firearm without a license and not guilty of all other charges. It ordered that appellant pay a fine of $100 and costs within 90 days or be committed to jail for 90 days.

Appellant petitioned the Court of Common Pleas of Philadelphia County for a writ of certiorari; he argued that the municipal court had erred by denying appellant's motion to

suppress the pistol and that there was insufficient evidence to convict him of § 6106 of the Crimes Code. On August 11, 1976, the court denied appellant's petition.

In this appeal appellant contends that the evidence was insufficient because the Commonwealth failed to establish that he was the same person who was named in the State Police certification as having no license to carry a firearm. In determining the sufficiency of the evidence after a verdict of guilty, this Court is required to view the evidence in the light most favorable to the Commonwealth and to accept as true all the evidence and all reasonable inferences arising therefrom upon which the factfinder could properly have based its verdict. *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974); *Commonwealth v. Griffin*, 230 Pa.Super. 425, 326 A.2d 554 (1974). In a criminal prosecution, the identity of the defendant must be proved beyond a reasonable doubt, as must any other essential element. *Commonwealth v. Zymroz*, 242 Pa.Super. 27, 363 A.2d 1142 (1976); *Commonwealth v. Farrington*, 219 Pa.Super. 104, 280 A.2d 623 (1971). Furthermore, in a prosecution under § 6106 of the Crimes Code, the Commonwealth bears the burden of proving the absence of a license. *Commonwealth v. McNeil*, 461 Pa. 709, 337 A.2d 840 (1975). Thus, when the Commonwealth introduces evidence that a complete search of the appropriate official records has revealed that a certain named individual has no license to carry a firearm, it must also establish that the accused is the same person named in the certificate of a negative records search.

In the instant case, the evidence at trial established that appellant had a firearm in his possession. It also showed that a "Harry Hill", who was described in the certificate with considerable detail, did not have a license. However, the Commonwealth failed to introduce evidence that appellant was, in fact, *the* Harry Hill named in the State Police Certificate. Because appellant stood mute, he did not even establish that he customarily answered to the name, Harry

Hill. I, therefore, would find that the evidence of appellant's guilt was insufficient.[7]

CERCONE, J., joins in this dissenting opinion.

**7.** The Commonwealth argues that the factfinder was entitled to base its verdict, in part, on information contained in the criminal complaint and the police arrest report. Neither of these documents was entered into evidence. It would be improper for the factfinder to base its verdict on anything but evidence adduced at trial. *Commonwealth v. Swanson*, 432 Pa. 293, 248 A.2d 12 (1968).