### Commonwealth v. China

C.P. of Montgomery County, no. 1612-2007.

*Brian Tiley* and *Steven Bunn, assistant district attorneys,* for Commonwealth.
*Garrett D. Page,* for defendant.

HODGSON, *P.J.,* September 25, 2008—The defendant, Brihiem Jamal China, appeals to the Superior Court from the judgment of sentence entered on July 21, 2008.

## FACTS AND PROCEDURAL HISTORY

The instant case arises from a series of events that occurred on February 6, 2007. On that date, Detective Todd Richard, of the Pottstown Police Department, received a tip from a confidential informant that defendant, for whom there was an active felony arrest warrant, could be found at a Motel 6 near Shoemaker Road. After arriving at this location, Richard and Detective Rathgeb

spoke with the hotel manager. Upon being shown a photograph of defendant, the manager positively identified him as a recent guest. Further conversation revealed that approximately one hour earlier, defendant had been forced to vacate the premises because the odor of burning marijuana was emanating from his room.

Concluding that defendant must have relocated to the nearest hotel, Richard and Rathgeb proceeded to the Quality Inn, approximately one mile away from Motel 6. Upon arriving at the Quality Inn, they spoke with the hotel manager who informed them that a young woman, accompanied by an African American male, had rented a room within the past 30 minutes. The manager identified defendant from a photograph and stated that he was the individual who arrived with the young woman.

After 30 minutes of surveillance, Richard, along with Officer Ed Kropp Jr. and Officer Frank Glaser, approached the hotel room in which defendant was believed to be. An odor of burning marijuana was detected as they knocked on the door. It was opened by an unidentified man who immediately disclosed to the uniformed officers that someone was in the shower. Acting on this assertion, Richard entered the bathroom and observed defendant undressed and in the shower. A pair of khaki pants was on the floor about one to two feet away from the shower stall. Defendant exited the shower and after being handed a towel by Richard, was informed that he was under arrest pursuant to an active warrant.

Soon after, defendant requested that he be permitted to put his pants on. Complying with defendant's request, Richard said "yes," but before handing the pants to defendant, Richard grabbed them and checked the pockets.

A check of the pockets yielded a black plastic bag containing a white rock-like substance believed to be crack-cocaine. Additionally, eight smaller baggies containing a white rock-like substance were found along with a razor blade, a small amount of marijuana and approximately 50 empty blue baggies. In the front pant pocket Richard uncovered $965. Immediately thereafter, defendant denied ownership of the pants claiming they belonged to the female that had been there earlier. After being asked what was in the black plastic bag, defendant responded "crack." A field test of the suspected crack-cocaine proved positive.

Before leaving the hotel room, Richard discovered two small portions of a marijuana cigarette lying on top of a dresser. Thereafter, Officer Taylor secured the room while a search warrant was obtained. Upon obtaining and executing said warrant the following items were seized: a total of $1,314, 18 grams of suspected cocaine and a small amount of marijuana.

Defendant was subsequently charged with criminal conspiracy, possession with intent to deliver and possession of drug paraphernalia. A suppression hearing was held on December 19, 2007. On December 28, 2007, upon consideration of defendant's motion to suppress, this court denied said motion. A jury trial was held commencing April 28, 2008. On April 29, 2008 the jury convicted defendant of possession with intent to deliver and possession of drug paraphernalia.[1] Sentencing commenced on July 21, 2008, at which point, defendant was sentenced to five-10 years incarceration with one-year

_____

1. Counts 1, 2, 3 and 5 were nol prossed at the request of the assistant district attorney.

probation. On August 15, 2008, defendant appealed to the Pennsylvania Superior Court from the judgment of sentence and filed a concise statement of matters complained of with this court on September 10, 2008 in accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.

## LEGAL DISCUSSION

Defendant raises two arguments on appeal. First, he argues that the drugs and paraphernalia seized from his pants' pockets were products of an illegal search. Specifically, defendant contends that Detective Richard, by reaching into the pockets, exceeded the scope of a lawful search incident to arrest since the pants were not within defendant's immediate control at the time. Additionally, defendant avers that the drugs and paraphernalia found subsequent to the search of his pants' pockets were fruit of the poisonous tree and, as such, should have been suppressed at trial.

Addressing defendant's first argument, this court concludes that Detective Richard's search of the pants' pockets was constitutionally proper. Pursuant to a lawfully conducted arrest, an arresting officer may search the arrestee's person and the area "within his immediate control," meaning the area within which he might gain possession of a weapon or destructible evidence. *Chimel v. California,* 395 U.S. 752 (1969). The two historical rationales for the search incident to arrest exception to the warrant requirement are (1) the need to disarm the suspect in order to take him into custody and (2) the need to preserve evidence for later use at trial. See *Knowles v. Iowa,* 525 U.S. 113, 116 (1998).

The constitutionality of a search incident to arrest turns on whether the place searched was within the arrestee's immediate control, or "wingspan." In the instant case, defendant's pants were within his immediate control since they were approximately one to two feet away from where he was standing at the time of the arrest. Furthermore, defendant had asked to wear them before he left the bathroom. Under these circumstances, Detective Richard's search of defendant's pants was constitutionally proper as defendant could have easily gained access to a weapon or evidence concealed in the pockets.

Defendant's reliance on *Commonwealth v. Taylor,* 565 Pa. 140, 771 A.2d 1261 (2001) is misplaced. In *Taylor,* the Pennsylvania Supreme Court suppressed evidence seized from a search of two coats that were located approximately 10 feet away from where defendant was standing at the time of his arrest. The court held that the coats were not within the defendant's immediate control. Additionally, the court emphasized that the police had already secured the scene prior to searching the coats, patted down Taylor's clothing for weapons and placed him in handcuffs. *Id.*

The instant case is distinguishable from *Taylor* in several respects. First, at the time of the search of the pants' pockets, the scene had not been secured. Additionally, the defendant's hands were free as he had not yet been placed in handcuffs. Finally, unlike the coats in *Taylor* that were 10 feet away from where the defendant was standing, in the instant case, the pants were only one to two feet away from defendant's reach. The pants were clearly within defendant's immediate control, and as such, Richard's search of them was justified as a search incident to arrest.

Additionally, *Commonwealth v. Rota,* 222 Pa. Super. 163, 292 A.2d 496 (1972), a case on which the defendant relies, is irrelevant to the matter before this court. In *Rota,* the court admitted evidence obtained from a warrantless search of the defendant's coat on the basis that he had, prior to being placed under arrest, reached for and attempted to use a revolver. *Id.* Defendant argues that, unlike the defendant in *Rota,* he did not lunge for his pants or give the arresting officer any indication that he was dangerous. On this basis, defendant argues that there was no reason for Richard to effectuate a search of his pants.

As the Pennsylvania Superior Court explained in *Commonwealth v. Rickabaugh,* 706 A.2d 826, 836 (Pa. Super. 1997), a search incident to a lawful arrest is one of the well recognized exceptions to the warrant requirement and "does not depend upon whether there is any indication that the person possesses weapons or evidence as the fact of a lawful arrest standing alone, authorizes a search." As such, the act of lunging or reaching is not a prerequisite to conduct a search incident to arrest. It is irrelevant whether or not defendant attempted to gain access to a weapon. A search of the area within an arrestee's immediate control is per se constitutionally authorized.

Regarding defendant's second argument, this court finds that the subsequent seizure of the drugs and paraphernalia was constitutionally valid. The two partially smoked marijuana cigarettes found on top of the dresser were properly seized pursuant to the plain view doctrine, which allows lawfully present law enforcement officers to seize objects, indicative of criminal activity, in plain view. Under both the Fourth Amendment of the United States Constitution, and Article I Section 8 of the Pennsylvania Constitution, the plain view exception requires

a determination of whether the police had a lawful right of access to the object. See *Commonwealth v. Dean,* 940 A.2d 514 (Pa. Super. 2008). The historical rationale for the plain view doctrine is that if "an article is . . . in plain view, neither its observation nor its seizure would involve any [violations] of privacy." *Commonwealth v. McCree,* 592 Pa. 238, 247, 924 A.2d 621, 627 (2007), citing *Horton v. California,* 496 U.S. 128 (1990).

In the instant case, the two partially smoked marijuana cigarettes were in plain view lying unconcealed on top of the hotel's dresser. Furthermore, Richard, Kropp and Glaser were lawfully present when they came across the marijuana cigarettes. They arrived at the hotel room with an active felony arrest warrant and gained lawful entry to the hotel room after knocking on the door and being let in by defendant's unidentified companion. Once inside, they noticed the two partially smoked marijuana cigarettes on the dresser. These facts establish that the two partially smoked marijuana cigarettes were properly seized under the plain view exception to the warrant requirement.

Finally, the remaining items seized, specifically the $1,314, 18 grams of suspected cocaine and a small amount of marijuana, were all removed pursuant to a valid search warrant. A search warrant is properly issued when a neutral and detached magistrate concludes from facts presented to him that there is reasonable cause for issuing the warrant. See *Commonwealth v. Sharp,* 453 Pa. Super. 349, 683 A.2d 1219 (1996). In the instant case, there was reasonable cause for issuing the warrant, namely, the discovery of two partially smoked marijuana cigarettes sitting in plain view, an odor of marijuana emanating from under the door and the seizure of

the drugs and paraphernalia from defendant's pants' pocket pursuant to a search incident to arrest. On these facts it was reasonable to believe that more drugs and or paraphernalia were in the room. As such, all the drugs and drug paraphernalia discovered subsequently were legally obtained pursuant to a valid search warrant and thus, not fruit of the poisonous tree.

## CONCLUSION

Upon consideration of the foregoing discussion, the undersigned respectfully submits that the defendant's conviction and sentence should be affirmed.

