J-E03004-24

2025 PA Super 5

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDI SNOWDEN | : | |
| | : | |
| Appellant | : | No. 402 WDA 2023 |

Appeal from the Judgment of Sentence Entered March 8, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005182-2022

BEFORE: LAZARUS, P.J., BOWES, J., OLSON, J., KUNSELMAN, J., NICHOLS, J., MURRAY, J., KING, J., BECK, J., and LANE, J.

CONCURRING/DISSENTING OPINION BY KUNSELMAN, J.:

**FILED: January 10, 2025**

I agree with the Majority that this Court's scope of review in suppression cases does not include a video that was never admitted into evidence, where the opposing party and the suppression court did not accept its admissibility. Under our adversarial system of party presentation, it is incumbent on the proponent of a contested piece of evidence to formally seek its admission.

However, considering only the evidence from the suppression hearing, I disagree that the Commonwealth established that Brandi Snowden's arrest was supported by probable cause. Mindful that we assess the circumstances in their totality, I cannot conclude that the officers' observations were "sufficient in themselves to warrant a person of reasonable caution [to believe] that an offense ha[d] been committed by the person to be arrested."

*Commonwealth v. Burno*, 154 A.3d 764, 781 (Pa. 2017) (quoting *Commonwealth v. Gwynn*, 723 A.2d 143, 148 (Pa. 1998)). Probable cause to arrest requires a "probability, and not a *prima facie* showing," of criminal activity. *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 235 (1983)). Given the intrusiveness of an arrest, the Constitutions of the United States and Pennsylvania require more than an officer's suspicions to support this deprivation of liberty. *Commonwealth v. Mackie*, 320 A.2d 842, 843–44 (Pa. 1974) (citing *Henry v. United States*, 361 U.S. 98, 101 (1959)).

The legality of Snowden's arrest turns on whether the facts known to Officer Lawrence at the time were sufficient for a person of reasonable caution to believe that Snowden was committing a crime, *i.e.*, that the syringes in her purse were drug paraphernalia. A syringe is drug paraphernalia if it is "used, intended for use, or designed for use in parenterally injected controlled substances into the human body." 35 P.S. § 780-102(b). Similar use, intent, and design requirements also distinguish drug paraphernalia from other commonplace medical and household objects like scales, balances, bowls, containers, spoons, balloons, and envelopes. *Id.* Statutory factors to aid in determining if an object is drug paraphernalia include statements by the object's owner, the proximity of the object to controlled substances, residue of controlled substances on the object, and the existence and scope of legitimate uses for the object in the community. *Id.* § 780-102. Syringes are not criminalized as drug paraphernalia if they are not associated with controlled substances.

I would find Officer Lawrence's testimony insufficient to establish probable cause to believe that Snowden "used" or "intended" to use the syringes in her purse to inject heroin or other controlled substances. Because syringes have legitimate uses, including by non-medical professionals, it was the Commonwealth's burden at the suppression hearing to introduce facts that would warrant a person of reasonable caution to believe that Snowden had used or planned to use the syringe in her purse illegally.

The Majority relies on three factors to find probable cause, which I would deem too weak, individually or combined, to support that conclusion.[1] First, Snowden was in an area of high drug use. Second, Snowden appeared tired. Third, Snowden moved the syringes in her purse. While these factors may have contributed to a reasonable suspicion to allow further investigation, they fail to permit an arrest.

First, Officer Lawrence knew the area for high drug use. The nature of the area is relevant in determining whether an object is drug paraphernalia. *See* 35 P.S. § 780-102 (directing consideration of "the proximity of the object, in time and space, to a direct violation of" the Controlled Substances Act). Constitutionally, however, "mere presence" in an area known for crime (or drug use) is insufficient even to meet the lesser standard of reasonable suspicion. *In re D.M.*, 781 A.2d 1161, 1163 (Pa. 2001) (following *Illinois v.*

---

[1] I agree with the Majority that we cannot consider Snowden's failure to explain why she possessed the syringes. Simply put, she had no chance to do so before Officer Lawrence arrested her.

*Wardlow*, 528 U.S. 119, 124 (2000)); *see also Commonwealth v. Barr*, 266 A.3d 25, 44 (Pa. 2021) (finding the "high crime area" factor irrelevant to assess probable cause for a traffic stop without any other suspicious activity from the occupants of the vehicle). Probable cause for an arrest requires other factors, like a suspect's conduct in an area known for drugs. *Commonwealth v. Joseph*, 34 A.3d 855, 863–64 (Pa. Super. 2011). Importantly, people who live, work, or wait for the bus in a known drug area can have the same medical needs as people in any other area. I would find that Snowden merely standing on a street in this neighborhood does not support the belief that the syringes in her purse were associated with controlled substances.

Second, Snowden was nodding off and leaning on a trash can for support. However, Snowden stated that she was extremely tired, which is a perfectly reasonable explanation for nodding off while waiting for a bus. More importantly, Officer Lawrence never explained why he associated this behavior with drug use; he never testified about his experience investigating drug cases and was never offered as an expert in the effects of drug use. The closest he came to making this connection was on cross-examination:

> Q. And at that moment you suspected her being intoxicated with narcotics?
>
> A. Just based off her observations, yes.
>
> Q. Of her nodding off?
>
> A. Yes. Standing up and nodding off, yes.

N.T., 2/2/23, at 10. Absent some evidence of record that nodding off is a sign of narcotic use, I would find this presentation insufficient to link the syringes

Officer Lawrence observed to controlled substances. *See, e.g.*, *Commonwealth v. Gause*, 164 A.3d 532 (Pa. Super. 2017) (*en banc*) (finding a police officer's testimony associating body and eye tremors to marijuana use inadmissible as a lay opinion and insufficient evidence by itself to establish marijuana use).

Third, Officer Lawrence saw syringes in Snowden's purse, and "she kind of just tossed them to the side of her purse," although he did not "think she tried to tamper with them." *Id.* at 7. Significantly, Officer Lawrence had just asked Snowden for her identification. Snowden put her purse on the ground and, with two police officers watching her, was following a command to retrieve her identification. I would attribute Snowden's tossing the syringes aside to obedience, not to concealment. Because she was complying with a police request, I would not impute a criminal purpose to the action of moving aside the items in her purse. These factors are significantly different than *Commonwealth v. Bumbarger*, 231 A.3d 10, 19 (Pa. Super. 2020). There, the officers found syringes unsecured on the floor of a vehicle, near a known drug user who did not indicate the syringes were for medical use. Here, Officer Lawrence did not know Snowden, Snowden had syringes secured in her purse, and she gave no indication she was a drug user.

In sum, I would conclude that the Commonwealth did not establish that Officer Lawrence had probable cause to believe that the syringes in Snowden's purse were drug paraphernalia at the time he arrested her. This would not mean that Officer Lawrence had "to simply shrug his shoulders" and ignore

- 5 -

the possible possession of drug paraphernalia; he could have investigated further. ***Commonwealth v. Rosas***, 875 A.2d 341, 347 (Pa. Super. 2005). Because he simply arrested Snowden without asking whether the syringes had a medical purpose or obtaining any other evidence of criminal activity, I would find probable cause for arrest to be lacking. Therefore, I respectfully dissent from the Majority's conclusion that Officer Lawrence had probable cause to arrest Snowden.

P.J. Lazarus, Judge Beck, and Judge Lane join this concurring/dissenting opinion.