Commonwealth *v.* Farrington, Appellant.
Commonwealth *v.* Pereria, Appellant.

Argued March 22, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Daniel C. Barrish,* Assistant Public Defender, and *Herbert K. Fisher,* for appellants.

*William T. Nicholas,* Executive Assistant District Attorney, with him *Stewart J. Greenleaf,* Assistant District Attorney, *Parker H. Wilson,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 22, 1971:

Appellants were charged with burglary, conspiracy, and loitering and prowling at nighttime. The victim of the burglary testified at trial that he was awakened at 3:30 a.m. by the sounds of someone breaking into his car parked outside the window. While he observed two men trying to pry open the trunk of the car, his wife called the local police. Upon arrival of a police cruiser, the burglars fled and were not apprehended.

At trial the victim testified that he went to the police station later that morning and there, from a large number of pictures submitted to him, he identified two as those of the burglars. When asked on direct examination if the defendants were the men he saw breaking into his car, the witness replied as to appellant Farrington, "This is the face but not the body". As to appellant Pereria, he indicated, "He too looks like the man, looks like the photograph, but I am not a hundred percent sure." As to both "identifications" the witness mentioned that it had been two years since the burglary, and that his identification of the photographs the same day was more positive since the events were fresh in his memory.

On cross-examination, the victim again indicated that he could not positively identify the appellants, and

that "I am not testifying to that, that these two men were at my house. I am testifying that the pictures I saw were the two men who were at my house, indisputable. . . . [T]hese two men as they sit here today are different than the two men who were hacking at my car. The resemblance is there, yes."

The case was submitted to the jury after appellants' motion for a demurrer on the basis of insufficient evidence was denied. The jury returned a verdict of guilty; from judgment of sentence this appeal followed.

The test of sufficiency of evidence is whether accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty. *Commonwealth v. Commander*, 436 Pa. 532, 260 A. 2d 773 (1970). Of course, the identity of the defendant must be proved beyond a reasonable doubt, the same as any other essential element in a criminal prosecution.

The identification testimony in the instant case is quite similar to that in *Commonwealth v. Sharpe*, 138 Pa. Superior Ct. 156, 10 A. 2d 120 (1939). In that case, as here, the witnesses could testify as to a vague resemblance, but refused to say under oath that the defendant was the felon. In *Sharpe* this Court reversed the conviction because the testimony did not show "in the mind of the witness a well founded belief that the defendant is the man." Id. at 161, 10 A. 2d at 122.

Here the victim's in-court identification of appellants was vague, tenuous, and uncertain. His reliance upon the identification of photographs made two years prior to trial does not meet the standards necessary to convict beyond a reasonable doubt. Since the Commonwealth relied solely upon identification testimony and there was no other probative evidence connecting ap-

pellants with the crime, the Commonwealth has failed to establish their guilt beyond a reasonable doubt.

The judgment of sentence is vacated and appellants are discharged.