363 A.2d 1142
**COMMONWEALTH of Pennsylvania**

**v.**

**Mary ZYMROZ, Appellant.**

Superior Court of Pennsylvania.

Sept. 27, 1976.

John J. Dean, Louis R. Dadowski, S. Swem, Pittsburgh, for appellant.

John J. Hickton, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that there was insufficient evidence to support her conviction on four counts of harassment by communication.[1]

Beginning in November, 1973, Burt Perrett, a lieutenant with the Harmon Township Police Department received approximately 150 to 200 obscene telephone calls at his·home in Cheswick, Allegheny County. From December, 1973, through March, 1973, the telephone company monitored the calls to Lt. Perrett's number and determined that the bulk of the calls were placed from the Sharpesburg area. As a result, the telephone company applied an electronic switching device on their equipment in the Sharpesburg area which recorded the telephone number of the persons calling Lt. Perrett's number from the Sharpesburg area. Of the calls monitored in this fashion, approximately 40 obscene calls did not originate from the Sharpesburg area; many were placed from pay stations located at various bars and taverns; and four of the calls originated from a phone listed in the name of the appellant.[2]

On June 7, 1974, appellant was arrested and charged with harassment by communication. At appellant's trial

---

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 5504.

2. It is unclear exactly how many calls were traced to appellant's phone; however, the four calls which were specified in the indictment were among those monitored by the telephone company.

on November 20, 1974, Lt. Perrett testified that he had received a large number of calls and that he established a procedure to log the calls coming to his home. He testified concerning the obscene content of the calls laid in the indictment: one on February 23, 1974, two on March 1, 1974, and one on April 1, 1974. He also acknowledged that he could not identify the caller's voice or determine the sex of the caller. Further, he stated that he knew the appellant, that he knew that appellant lived with a male friend and two teen-aged daughters, and that he believed that appellant bore him considerable animosity because of his role in the unsuccessful prosecution of appellant's male friend for an unrelated offense.

The only other witness, a representative of the telephone company, testified to the method by which the four calls were traced to appellant's home phone. He testified that no voice recording was made of the obscene calls and that he had no personal knowledge of the identity of the caller. At the conclusion of the Commonwealth's case, the appellant demurred to the evidence. The court overruled the demurrer, and the appellant rested. The trial judge found appellant guilty. After the court denied appellant's motions for a new trial and arrest of judgment, it suspended sentence on the condition that appellant pay a $500 fine and serve a term of one year's probation.

■■ Appellant contends that the evidence was insufficient because the Commonwealth failed to establish the identity of the obscene caller. The test of sufficiency of evidence is whether accepting as true all the evidence and all reasonable inferences therefrom, upon which the finder of fact could properly have based its verdict, we find it sufficient in law to prove beyond a reasonable doubt that the defendant is guilty. *Commonwealth v. Farrington*, 219 Pa.Super. 104, 280 A.2d 623 (1971). The identity of the defendant must be proved beyond a reasonable doubt, as must any other essential element in a

criminal prosecution. *Commonwealth v. Farrington,* supra. See also 1 Wharton's Criminal Evidence §§ 16 and 189 (13th ed. 1972).

■ In the instant case, the only fact directly linking appellant to the obscene calls is that her phone was used to place the four calls. But, it is undisputed that she shared the residence with a male friend and two daughters, all of whom had equal access to the phone. Cf. *Commonwealth v. Fortune,* 456 Pa. 365, 318 A.2d 327 (1974). The possible motive for placing the calls is, at least, equally attributable to appellant's male friend, if not also to her daughters. The victim could not identify the caller or even the caller's sex. Thus, appellant is only one of four people who may have committed the crimes charged. Under these circumstances, the factfinder could only conjecture as to appellant's guilt.[3] We therefore, reverse appellant's conviction and order appellant discharged.[4]

SPAETH, J., did not participate in the consideration or decision of this case.

VAN der VOORT, J., dissents.

**3.** Cf. *Commonwealth v. Fortune,* supra; *Commonwealth v. Bailey,* 448 Pa. 224, 292 A.2d 345 (1972); *Commonwealth v. Garrett,* 423 Pa. 8, 222 A.2d 902 (1966); *Commonwealth v. Farrington,* supra.

**4.** Appellant also contended that the lower court should have dismissed the indictment because the criminal complaint lacked the endorsement of the Commonwealth required in all private complaints under Rule 133(B), Pa.R.Crim.P., and because the delay in arranging a preliminary hearing does not appear of record as required by Rule 142, Pa.R.Crim.P. Because we have determined that the evidence was insufficient, it is unnecessary to address these claims.