499 A.2d 1111

**COMMONWEALTH of Pennsylvania**

v.

**Daryl BABBS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 9, 1985.

Filed Oct. 18, 1985.

Mitchell A. Kaufman, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WIEAND, JOHNSON and MONTGOMERY, JJ.

WIEAND, Judge:

The principal issue in this appeal is whether a criminal defendant's failure to appear for trial, without evidence of flight or concealment, is sufficient to permit a fact finder to infer a consciousness of guilt. The trial court, over defense objections, allowed evidence that appellant had failed to appear on a prior trial date and then instructed the jury that it could infer a consciousness of guilt from this evidence. We conclude that this was error. Therefore, we reverse and remand for a new trial.

At or about 1:00 p.m. on October 14, 1982, Jesse Johnson, an unlicensed taxi (jitney) driver picked up a passenger, whom he identified at trial as Daryl Babbs, at the corner of Herron and Wylie Avenues in the City of Pittsburgh. At his passenger's request, Johnson drove into an alley known as Sharp Way. There, the passenger produced a handgun and demanded Johnson's money. When Johnson attempted to exit the taxi and escape, the robber grabbed for and was able to extract Johnson's wallet. Johnson, yelling for help, ran down the alley. Patricia Javersack, whose home adjoined the alley, heard Johnson's cries for help and came into the alley. There she observed a tall, slender, dark, black man, who she was "pretty sure" was Babbs. She asked him what was wrong; whereupon, he responded that Johnson apparently needed help. Mrs. Javersack then returned to her home and called the police. The man later identified as Babbs entered the cab and drove away. Later, she found Johnson's wallet in the alley. Johnson testified that following the robbery he saw Babbs twice but did not call the police. When he saw Babbs a third time on October 21, 1982, he called the police because of pressure from other jitney drivers and because he feared that Babbs, if not stopped, would seriously injure someone. Babbs denied any involvement in the robbery and testified that he had been "housebound" because of abdominal surgery, made necessary by a stab wound, from October 6

until October 21. The day of his arrest, he said, had been the first day on which he had ventured from his home.

This evidence was sufficient to sustain the jury's verdict of guilty, and the trial court properly refused to set it aside on Babbs' motion in arrest of judgment. In *Commonwealth v. Crowson*, 488 Pa. 537, 412 A.2d 1363 (1979), the Supreme Court said:

> It is the responsibility of a reviewing court, in evaluating the sufficiency of the evidence to support the verdict of guilt, to view the testimony in a light most favorable to the Commonwealth, as verdict winner, to accept as true all evidence and all reasonable inferences upon which, if believed, the factfinder could have properly based its verdict, and determine whether such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt.

*Id.*, 488 Pa. at 540, 412 A.2d at 1364. Accord: *Commonwealth v. Stoyko*, 504 Pa. 455, 462, 475 A.2d 714, 718 (1984); *Commonwealth v. Tribble*, 502 Pa. 619, 621, 467 A.2d 1130, 1131 (1983); *Commonwealth v. Carpenter*, 330 Pa.Super. 382, 384, 479 A.2d 603, 604 (1984); *Commonwealth v. Riley*, 330 Pa.Super. 201, 207, 479 A.2d 509, 512 (1984); *Commonwealth v. Vazquez*, 328 Pa.Super. 86, 89, 476 A.2d 466, 467–468 (1984).

Appellant argues that the evidence identifying him as the robber was vague, uncertain and contradictory and, therefore, insufficient to prove beyond a reasonable doubt that he committed the robbery. He would liken this case to *Commonwealth v. Farrington*, 219 Pa.Super. 104, 280 A.2d 623 (1971). There the victim of a burglary refused to say that the defendants were the burglars. Instead, the witness would say only that they resembled the burglars. *Id.*, 219 Pa.Superior Ct. at 105–106, 280 A.2d at 624. The court held that the victim's testimony was too vague, tenuous and uncertain to establish beyond a reasonable doubt that the defendants were the persons who had committed the burglary. *Id.*, 219 Pa.Superior Ct. at 106–107, 280 A.2d at 625. In the instant case, the evidence identifying appellant as the

robber was more definite. Johnson testified that appellant was the robber, and Mrs. Javersack said she was "pretty sure" he was the robber. That a witness' prior description of appellant may have varied from appellant's actual appearance went only to the weight and credibility of the witness' testimony. It did not render the Commonwealth's evidence insufficient to sustain the conviction. See: *Commonwealth v. Hickman*, 453 Pa. 427, 430, 309 A.2d 564, 566 (1973); *Commonwealth v. Boone*, 287 Pa.Super. 1, 5, 429 A.2d 689, 691 (1981).

■ However, there is merit in appellant's contention that the trial court erred when it allowed the jury to consider his failure to appear on the date set for trial as evidence of guilt. The rule of law in this Commonwealth is that "[w]hen a person commits a crime, knows that he is wanted therefor, and flees or conceals himself, such conduct is evidence of consciousness of guilt, and may form the basis in connection with other proof from which guilt may be inferred." *Commonwealth v. Coyle*, 415 Pa. 379, 393, 203 A.2d 782, 789 (1964). Accord: *Commonwealth v. Whack*, 482 Pa. 137, 142–143, 393 A.2d 417, 419–420 (1978); *Commonwealth v. Tinsley*, 465 Pa. 329, 333, 350 A.2d 791, 792–793 (1976). This rule has not heretofore been expanded to permit an inference of guilt merely because a defendant has failed to appear for trial. A failure to appear on the day set for trial does not have the same connotation as pre-arrest flight or concealment and cannot be said to point unerringly to consciousness of guilt.

The trial court relied upon *Commonwealth v. Smith*, 250 Pa.Super. 460, 378 A.2d 1239 (1977), to support its holding that failure to appear for trial was admissible to prove consciousness of guilt. That decision, however, provides no such support. In *Smith*, the appellant fled the state after having posted bond. He was apprehended in New York City and returned for trial. *Id.*, 250 Pa.Superior Ct. at 465, 378 A.2d at 1242. The court held that evidence of the defendant's flight following the posting of bond was probative of a consciousness of guilt. *Id.*, 250 Pa.Superior Ct. at

466, 378 A.2d at 1242. There was no evidence in *Smith* that the defendant had failed to appear for trial, however, and the court did not hold that failure to appear at trial was admissible to show consciousness of guilt. The court's holding was limited to the facts before it, which involved flight and not a failure to appear for trial. *Smith,* therefore, does not provide support for the trial court's action.

The Commonwealth relies upon language appearing in footnote 3 in *Commonwealth v. Knox,* 290 Pa.Super. 104, 108, 434 A.2d 151, 153 (1981). In that case, however, the failure to appear for trial had been accompanied by flight, and the defendant had not been apprehended until four months later. The court did not hold that failure to appear for trial, without flight or concealment, was evidence of guilt. Instead, it was evidence of appellant's failure to appear and eventual apprehension four months later that was received in evidence as consciousness of guilt. This demonstrated flight. Had the court intended to expand the existing rule of law, it is doubtful that it would have relegated its pronouncement and discussion to footnote status without accompanying explanation or support. Moreover, each case cited by the *Knox* court for its holding had involved *only* evidence of flight or concealment to prove consciousness of guilt and not a mere failure to appear at the time set for trial. See: *Commonwealth v. Whack, supra* (evidence showed that appellant had fled from the scene and could not be located at his home or the usual places that he frequented); *Commonwealth v. Tinsley, supra,* 465 Pa. at 333, 350 A.2d at 793 ("Immediately after the crime and for five days thereafter, [appellant] abandoned his normal pattern of living and could not be located at those places where his regular pursuits would place him."); *Commonwealth v. Osborne,* 433 Pa. 297, 249 A.2d 330 (1969) (appellant arrested in Florida seven months after commission of crime); *Commonwealth v. Rough,* 275 Pa.Super. 50, 418 A.2d 605 (1980) (evidence of high-speed chase when police attempted to serve defendant with arrest warrant). *Knox,* therefore, must be read consistently with

the rule in Pennsylvania that it is flight or concealment which is admissible to show consciousness of guilt. *Knox*, like *Smith*, provides no support for holding that evidence of failure to appear for trial, without more, is admissible to prove consciousness of guilt.

In the instant case, appellant did not flee or conceal his whereabouts either prior to or at any time after arrest. After appellant had appeared on several occasions, he failed to appear on a continued trial date. He did not flee or conceal himself, however, and was found shortly thereafter at his known residence. He said that he had failed to appear on the continued trial date because of a dispute with his attorney. We perceive in these circumstances no basis for drawing an inference that appellant's failure to appear on the continued trial date was attributable to a consciousness of guilt.

The trial court permitted evidence of appellant's failure to appear for trial over defense objection. The court then told the jury, again over defense objection, that "failing to appear for trial" tended to prove consciousness of guilt. Therefore, the court charged, it was leaving it to the jury "to decide whether the evidence of his absenting himself from trial in this case should be looked upon as tending to prove guilt, depending upon the facts and circumstances of the case and especially upon the motives which may have prompted the defendant not to appear." (N.T. at 259).

This was error. There was not a necessary connection between a mere post-arrest failure to appear for trial and consciousness of guilt. This is particularly true where, as here, the failure to appear was not accompanied by flight and the defendant did not move from or leave his known, permanent place of residence. Therefore, we will reverse and remand for a new trial free from the unavoidable prejudice caused by the irrelevant evidence that appellant had on an earlier occasion failed to appear for trial.[1]

1. We find wholly lacking in merit appellant's contentions that the trial court erred in allowing the testimony of an eyewitness not disclosed

Reversed and remanded for a new trial. Jurisdiction is not retained.

MONTGOMERY, J., dissents.

during pre-trial discovery. This issue has been adequately discussed in the opinion of the trial court and does not require elaboration here. Appellant's argument that his trial counsel was ineffective for failing to object to a request by the Commonwealth to reopen its case is also lacking in merit. The record discloses that an objection was made by trial counsel and overruled by the court.

We find it unnecessary, in view of the new trial which we have granted, to decide the constitutionality of the mandatory sentencing provisions of 42 Pa.C.S. § 9714. But see: *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985).