593 A.2d 868

**COMMONWEALTH of Pennsylvania**

**v.**

**Wesley BARNES, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1991.

Filed June 24, 1991.

James R. Wilson, Pittsburgh, for appellant.

Scott A. Bradley, Asst. Dist. Atty., Pittsburgh, for the Com., appellee.

Before ROWLEY, President Judge, and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the judgment of sentence for robbery. Appellant contends that trial counsel was ineffective for failing to object to (1) the court's jury instruction on flight or concealment; and (2) the court's reliance on miscalculated guideline sentencing ranges. For the reasons set forth below, we vacate the judgment of sentence, and we remand for the appointment of new counsel and for proceedings consistent with this Opinion.

Appellant was arrested and charged in connection with the gun-point robbery of a fruit market in Pittsburgh. On September 29, 1989, after a jury trial, he was found guilty. Appellant was represented at trial by the Allegheny County Public Defender's Office. Post-trial motions were timely filed and denied, and, on November 28, 1989, appellant was sentenced to a seven-and-one-half-to-fifteen year term of imprisonment. This timely appeal followed. Appellant is presently represented by another member of the Allegheny County Public Defender's Office.

Appellant's two principal claims on appeal concern the effectiveness of trial counsel.[1] Because present counsel

---

1. Appellant also contends that the trial court erred in denying his request to poll the jury. As this claim was raised in timely post-

is raising claims challenging the effectiveness of another attorney from the same office, we should remand the case for appointment of new counsel *unless* (1) it is clear from the record that counsel was ineffective, or (2) it is clear from the record that the ineffectiveness claim is meritless. *Commonwealth v. McBee*, 513 Pa. 255, 261, 520 A.2d 10, 13 (1986). Our standard for review of claims of ineffective assistance is well-settled: to prevail, the petitioner must show that his underlying contention possesses arguable merit, that the course chosen by counsel had no reasonable basis designed to serve his interests, and that counsel's conduct prejudiced him. *See, e.g., Commonwealth v. Durst*, 522 Pa. 2, 4–5, 559 A.2d 504, 505 (1989); *Commonwealth v. Pierce*, 515 Pa. 153, 158–59, 527 A.2d 973, 975 (1987).

Appellant's first contention involves the court's jury instruction on flight or concealment. The facts relating to this claim are as follows. During the Commonwealth's case-in-chief, Detective Thomas G. Hart, Jr., testified that a preliminary hearing was scheduled for October 3, 1988, and that appellant failed to appear. *See* N.T. September 29, 1989 at 46. Based on this evidence, the court included in its charge an instruction that consciousness of guilt may be inferred from a defendant's flight or concealment. *See id.* at 63–64. Appellant's trial counsel did not object to either the Detective's testimony or to the charge, and appellant alleges that this inaction rendered counsel's assistance ineffective.

The Commonwealth concedes, and we agree, that appellant's claim that counsel should have objected to the instruction possesses arguable merit. Our Supreme Court has noted that "[w]hen a person commits a crime, knows that he is wanted therefor, and flees or conceals himself, such conduct is evidence of consciousness of guilt, and may

verdict motions, appellant does not couple it with an allegation of ineffectiveness. We agree with the trial court that appellant's request, which was not made until after the verdict had been recorded and the jury had been excused, was untimely. Thus, appellant is not entitled to relief on this ground.

form the basis in connection with other proof from which guilt may be inferred." *Commonwealth v. Coyle,* 415 Pa. 379, 393, 203 A.2d 782, 789 (1964); *Commonwealth v. Babbs,* 346 Pa.Super. 498, 502, 499 A.2d 1111, 1113 (1985); *see also* L. Packel & A. Poulin, *Pennsylvania Evidence,* § 423, at 277–78 (1987 & Supp.1990) (hereinafter "Packel & Poulin"). The rationale for admitting this class of evidence has been explained as follows:

> The theory for admitting evidence of flight is "based upon a premise that the person who flees does so in recognition of his wrongdoing and is seeking to avoid punishment for that conduct." "[E]vidence of the misconduct of a party in connection with the trial is admissible as tending to show that the party guilty of the misconduct is unwilling to rely on the truth of his cause, or is conscious that it is an unjust one."

Packel & Poulin, *supra,* § 423, at 277 (footnotes and citations omitted). However, the mere failure to appear by the defendant, standing alone, does not justify an inference of flight or concealment. As Judge Wieand noted in *Commonwealth v. Babbs, supra:*

> This rule [i.e., allowing the inference] has not heretofore been expanded to permit an inference of guilt merely because a defendant has failed to appear for trial. A failure to appear on the day set for trial does not have the same connotation as pre-arrest flight or concealment and cannot be said to point unerringly to consciousness of guilt.

346 Pa.Super. at 502, 499 A.2d at 1113. In the case at bar, it is undisputed that there is no indication that appellant's post-arrest failure to appear at his preliminary hearing resulted from flight or concealment. Thus, it was improper to instruct the jury that it could infer a consciousness of guilt from the failure to appear, and an objection to the charge, if made, should have been sustained.

We next must determine if the failure to object prejudiced appellant. This was essentially a one witness trial, as the victim, Yeon Huiyang, was the only witness to

testify concerning the factual circumstances of the robbery.[2] The Commonwealth properly notes that, although the armed man who robbed Huiyang was wearing a stocking over his face, she had no difficulty in recognizing appellant because the stocking was loose-fitting, and appellant was a regular customer in her store. N.T. September 29, 1989 at 17–19. She also selected appellant's picture from a photographic array, and, at trial, she again positively identified appellant as the gunman. *Id.* at 19–20. In light of the victim's "positive and unqualified" identification of appellant, the Commonwealth argues that, when viewed in the context of the trial as a whole, the erroneous instruction did not prejudice appellant. We cannot agree.

There is no question that the victim's testimony was positive and unshaken on cross-examination, and that it was sufficient to convict appellant. Nevertheless, the testimony was uncorroborated by other testimonial or physical evidence, and thus the case turned on the jury's evaluation of the victim's credibility. The instruction on flight or concealment improperly allowed the jury to find, if it so decided, confirmation for the victim's version of events in appellant's own guilty conduct. And, of course, when the corroborating evidence derives from the words or conduct of the accused himself, the error is particularly harmful. On this record, we cannot say with any reasonable certainty that the jury would have returned the same verdict if the jury had been properly instructed. Accordingly, we must conclude that appellant was prejudiced by counsel's inaction.

 The remaining question is whether trial counsel had a reasonable basis for her failure to object to the court's instruction. On this point, the Commonwealth suggests that it is not possible to determine conclusively whether such a basis existed, and thus we should remand for an evidentiary hearing to afford trial counsel an opportunity to explain her inaction. We agree. Because there has been

---

**2.** Detective Hart was the only other witness to testify; his testimony concerned the victim's identification of appellant from a photographic array.

no hearing on appellant's claims of ineffectiveness, counsel has not had an opportunity to explain whether her decision not to object to the instruction had a reasonable basis designed to effectuate her client's interests. *See Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605, 235 A.2d 349, 353 (1967). In such circumstances, the "better course" is to remand the case for an evidentiary hearing. *See, e.g., Commonwealth v. Spotts*, 341 Pa.Super. 31, 36, 491 A.2d 132, 135 (1985); *see also Commonwealth v. Turner*, 469 Pa. 319, 324, 365 A.2d 847, 849 (1976); *Commonwealth v. Pursell*, Pa.Super. (1991), J. A14012/1990, No. 1811 PHL 88 (plurality opinion per WIEAND, J.) (filed February 21, 1991); *Commonwealth v. Petras*, 368 Pa.Super. 372, 377, 534 A.2d 483, 485 (1987). The trial court should appoint new counsel, not associated with the Public Defender's Office, to represent appellant at this hearing. *See Commonwealth v. McBee, supra.*

■ Appellant next contends, and the Commonwealth concedes, that trial counsel was ineffective for failing to object to the court's reliance on miscalculated guideline sentencing ranges. The court calculated the sentencing guideline ranges based upon a prior record score of six (6) and an offense gravity score of nine (9). *See* N.T. November 28, 1989 at 12; Guideline Sentence Form at 1. These factors resulted in the following minimum sentence ranges:

| | |
|---|---|
| Standard Range | 78-to-102 months |
| Aggravated Range | 102-to-120 months |
| Mitigated Range | 58-to-78 months. |

*See* 204 Pa.Code § 303.9, *reprinted following* 42 Pa.C.S.A. § 9721. The minimum sentence actually imposed by the court—seven and one-half years, or ninety months—fell within the standard range of the guidelines as calculated. Appellant rightly notes, however, that because the robbery involved *threatening* serious bodily injury, *see* 18 Pa.C.S.A. § 3701(a)(1)(ii), and not actually *inflicting* serious bodily injury, *see id.* § 3701(a)(1)(i), the offense gravity score should have been seven (7). *See* 204 Pa.Code §§ 303.7–

303.9.[3] Application of the proper offense gravity score results in the following, substantially lower, minimum sentence ranges:

| | |
|---|---|
| Standard Range | 43-to-64 months |
| Aggravated Range | 64-to-80 months |
| Mitigated Range | 32-to-43 months. |

*See* 204 Pa.Code § 303.9. In light of this erroneous computation, and because the court relied on the guidelines in formulating the sentence, it is clear that this ineffectiveness claim possesses merit and that appellant was prejudiced by counsel's failure to object. In addition, we agree with appellant and the Commonwealth that counsel could not have had a *reasonable* basis for failing to inform the court of its reliance on erroneously calculated guidelines. Thus, we vacate the judgment of sentence and remand the case for resentencing. *See Commonwealth v. McMullen*, 365 Pa.Super. 556, 530 A.2d 450 (1987). At resentencing, appellant, of course, must be represented by new counsel not associated with the Public Defender's Office.

For the foregoing reasons, we vacate the judgment of sentence and we remand for the appointment of new counsel not associated with the Public Defender's Office. The court below shall conduct an evidentiary hearing on the question whether trial counsel had a reasonable basis for failing to object to the court's jury charge on flight as consciousness of guilt. If counsel is found to have had no reasonable basis for the failure to object, a new trial must be granted. If counsel is determined to have acted reasonably, however, the court shall hold another sentencing hearing in accordance with this Opinion.

Judgment of sentence vacated, and case remanded for appointment of new counsel and for proceedings consistent with this Opinion. Jurisdiction is relinquished.

---

**3.** The Commonwealth candidly notes that the erroneously computed guidelines apparently were prepared by the Assistant District Attorney who represented the Commonwealth at sentencing.