454

605 A.2d 811

**COMMONWEALTH of Pennsylvania**

v.

**Marisol MARTINEZ, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 8, 1992.

Filed Feb. 28, 1992.

Reargument Denied April 30, 1992.

David Zuckerman, Philadelphia, for appellant.

Laurie Magid, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, TAMILIA and FORD ELLIOTT, JJ.

TAMILIA, Judge.

Marisol Martinez takes this appeal from the December 6, 1990 judgment of sentence imposing a $15,000 fine and ordering her incarcerated for three (3) to ten (10) years as a result of having been found guilty, by a jury, of possession with intent to deliver a controlled substance.[1]

On the evening of June 20, 1989, appellant was observed by undercover officers Moffit and Logan walking down a street in a high profile drug area clutching a blue purse under her arm. Appellant was recognized as a neighborhood resident by Moffit, an officer in the neighborhood since 1976. Moffit testified he also recognized appellant as a suspected drug trafficker. As appellant approached the intersection near where the officers were parked she observed a high concentration of uniformed police officers, stationed in this particular part of the city specifically as a deterrent to the extremely high incidence of drug trafficking. Appellant ducked behind a wall and repeatedly peeked around the corner watching the uniformed officers before she continued across the street. Having noticed appellant's suspicious behavior, Moffit and Logan began following appellant in their unmarked vehicle. When appellant turned and noticed the car following her, she dropped her purse and continued walking. Logan then exited his vehicle and, upon discovering in the discarded purse what he believed to

---

1.  35 P.S. § 780–113(a) 30.

be narcotics, told Moffit to arrest the appellant. From the purse the officers seized $480 and 300 red taped packages which, it was later determined, contained 73.1 grams of cocaine. Appellant was arrested and charged with possession and possession with intent to deliver a controlled substance. After appellant was arraigned and her motion to suppress the evidence was denied on July 11, 1990, the court stated, on the record and in appellant's presence, jury selection would begin the next day. Appellant failed to appear on July 12, 1990, despite having signed a subpoena agreeing to do so, and the trial continued in absentia while a bench warrant was issued for her arrest. Appellant was subsequently apprehended and, on December 6, 1990, sentence was pronounced.

Appellant argues the court erred by conducting the trial despite her absence and by instructing the jury it could infer guilt by her failure to appear for trial.

The appellant's first issue is controlled by Pa.R.Crim.P. 1117(a), **Presence of the defendant**, which states:

> (a) The defendant shall be present at the arraignment, at every stage of the trial including the impanelling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. *The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict.*

*Id.* (emphasis added). The trial court found the Court's interpretation of this rule as set forth in *Commonwealth v. Stago*, 267 Pa.Super. 90, 406 A.2d 533 (1979), to be controlling. In *Stago*, the defendant failed to appear in the courtroom until after the judge had posed several voir dire questions to the panel. No jury members were chosen, however, and when the defendant appeared voir dire proceeded. The court found defendant's unexcused tardiness did not preclude the trial from proceeding in his absence. *Commonwealth v. Diehl*, 378 Pa. 214, 107 A.2d 543 (1954), held that in a non-capital case, when defendant is out on bail and refuses to be present at a portion of his trial, his

absence at any stage of the proceeding may be construed as a voluntary waiver of the right to be present. *Commonwealth v. Graham,* 248 Pa.Super. 406, 375 A.2d 161 (1977); *Commonwealth v. Ah Thank Lee,* 389 Pa.Super. 201, 566 A.2d 1205 (1989) (by refusing to return to Pennsylvania, defendant waived his right to be present at hearing to decide post-trial motions and to sentence him). We hold that the above cases are controlling here.

Appellant was arrested on June 20, 1989 and appeared at her preliminary hearing on February 2, 1990. On July 11, 1990, appellant again appeared in court to present her motion to suppress the evidence seized at the time of her arrest. The motion was denied and, in appellant's presence and on the record, the court stated a jury panel had been reserved and selection would begin the next morning. As stated above, appellant signed a subpoena agreeing to return the next day and received a copy to serve as a reminder. Nevertheless, appellant chose not to appear nor offer a reasonable explanation for her absence. For purposes of when the trial began, triggering section 1117(a), a motion such as a suppression motion to be followed immediately by the impaneling of a jury or taking of testimony by the court must be deemed the commencement of the trial. *Commonwealth v. McLaurin,* 292 Pa.Super. 392, 437 A.2d 440 (1981). Similarly, hearing on a motion to suppress commences a trial for purposes of Pa.R.Crim.P. 1100, which protects the constitutional right to a speedy trial. *See Commonwealth v. Merriwether,* 382 Pa.Super. 411, 555 A.2d 906 (1989). Only when there is a lengthy delay between the motion to suppress and the taking of trial testimony and the court had *not* made a commitment to hear testimony soon after the motion would it not constitute the commencement of trial. *Commonwealth v. Griffin,* 257 Pa.Super. 153, 390 A.2d 758 (1978).

The effect of this Court allowing appellant to abscond without explanation and to reintroduce herself to the judicial process at her convenience would be to place appellant in command of the legal system. Despite her outward

disrespect and disdain for our legal system, appellant would have the opportunity to begin her suit anew and reap the benefits of delay, such as the arresting officers' unavailability or diminished recollection dulled by the passage of time and the intervening multitude of similar drug-related arrests. To ignore the mandates of Rule 1117 would allow every criminal defendant unhappy with the way his trial was going, particularly failure to prevail in suppressing evidence, and fearing conviction, to take the calculated risk of fleeing with the knowledge that if apprehended, he or she will be afforded another "bite of the apple" and allowed to begin the legal process with a clean slate and the considerable benefits the passage of time would occasion. In addition, our disregard for Rule 1117 would allow, if not encourage, "judge shopping," whereby a fleeing defendant would enhance the possibility that further delay would provide him with a more lenient judge. This Court cannot condone such a blatant manipulation of our legal system and the obstruction of justice. Based on the facts of this case, we find appellant's argument the court erred by conducting the trial in absentia is without merit.

■ Appellant also argues the court erred when it allegedly instructed the jury it could infer guilt by appellant's failure to appear for trial. Appellant contends the fact she "simply failed to appear for trial," as opposed to pre-arrest flight or concealment, precludes an instruction on flight, and cites *Commonwealth v. Babbs*, 346 Pa.Super. 498, 499 A.2d 1111 (1985), in support of this proposition. We find appellant's reliance on *Babbs*, which is factually distinguishable from the matter before us, to be misplaced. In *Babbs*, the flight with regard to which the jury was instructed related to defendant's failure to appear at a prior continued trial date. The court found this evidence irrelevant in light of the fact defendant had appeared at several prior trial dates, did not flee or conceal himself but was found at his home where he explained his absence was due to a disagreement with his attorney. Here, appellant's flight was relevant. Appellant absconded after trial commenced and her

motion to suppress was denied. She was not found at her place of residence and, when apprehended more than a month later on August 20, 1990, failed to offer an excuse for her absence.

In addressing the issue of flight, this Court recently stated:

The rationale for admitting this class of evidence has been explained as follows:

The theory for admitting evidence of flight is "based upon a premise that the person who flees does so in recognition of his wrongdoing and is seeking to avoid punishment for that conduct." "[E]vidence of the misconduct of a party in connection with the trial is admissible as tending to show that the party guilty of the misconduct is unwilling to rely on the truth of his cause, or is conscious that it is an unjust one."

*Commonwealth v. Barnes*, 406 Pa.Super. 58, 593 A.2d 868 (1991), citing L. Packel and A. Poulin, Pennsylvania Evidence, § 423, at 277. Based on the facts surrounding appellant's disappearance after her trial had commenced and the Commonwealth's effort to locate her, the court gave the following instruction on flight:

Now, ladies and gentlemen, there was evidence from Officer Moffit which tended to show that the defendant has fled from the police or is hiding from the police or from the authorities at this time. You will recall his testimony concerning going out to the house, I believe yesterday, or the day before, I don't recall exactly, you will, and trying to locate the defendant. The credibility, weight and effect of this evidence is for you to decide. Generally speaking when a crime has been committed and a person thinks he or she may be accused of committing it, and flees or conceals themselves, such flight or concealment is a circumstance tending to prove the person is conscious of guilt. Such flight or concealment does not necessarily show consciousness of guilt in every case. A person may flee or hide for some other motive and may do so even though innocent. Whether the evidence of

flight or concealment in this case should be looked on as tending to prove guilt depends upon the facts and circumstances of this particular case, and especially upon motives which may have prompted the flight or concealment. You may not find the defendant guilty solely on the basis of any evidence of flight or concealment.

(N.T., 7/13/90, pp. 104–105.)

As the trial court stated "failure to instruct the jury on this point could have resulted in prejudice to the defendant, for the jury may have treated the defendant's flight from trial as ironclad circumstances tending to prove consciousness of guilt." (Slip Op., Watkins, J., 6/25/91, p. 7.) Based on the circumstances peculiar to this case, we find the court's instruction on flight to be appropriate and proper.

Judgment of sentence affirmed.