J-S19021-25

**2150EDA205NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN DONALD HUMEL | : | |
| | : | |
| Appellant | : | No. 3314 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 14, 2024
In the Court of Common Pleas of Bucks County
Criminal Division at No:  CP-09-CR-0001272-2024

BEFORE:  PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY STABILE, J.:                    **FILED SEPTEMBER 2, 2025**

Appellant, Brian Donald Humel, appeals from the August 14, 2024 judgment of sentence imposing time served to twelve months of incarceration for simple assault (18 Pa.C.S.A. § 2701(a)(1)).  We affirm.

The trial court recited the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

> On December 13, 2023, Elizabeth Keppley ("Keppley") was standing outside of her home in Briston Township with her son, her friends' children, and her neighbors and their children to celebrate Santa's arriving on a firetruck coming down the road. Suddenly, Appellant came around in a vehicle driving towards her direction, and his passenger started screaming out the car window.  Keppley's next-door neighbor, Stephen Segui ("Chino") came running over to the vehicle for a confrontation.  Then, Appellant drove away.
>
> However, Appellant soon came back in the same vehicle, jumped out of the car, and came toward Keppley's direction, swinging a baseball bat.  Chino reached Appellant, grabbed the

bat, and threw it on the ground. Appellant and Chino then became involved in a fistfight.

As Appellant and Chino were fighting, Keppley ran up to them, yelling at Appellant to get back into the car because she did not want the evening to be ruined for the children. Keppley became situated right behind Chino, who was facing Appellant. Keppley then got hit in the neck with a closed fist and fell to the side.

Trial Court Opinion, 1/29/25, at 1-2 (record citations omitted).

On August 14, 2024, at the conclusion of a one-day jury trial, Appellant was found guilty of simple assault. The trial court proceeded to sentencing that same day, imposing time served to twelve months. Appellant was immediately released from prison to serve parole in a recovery house. Appellant filed a timely post-sentence motion on August 23, 2024. The trial court denied relief at the conclusion of a November 14, 2024 hearing. This timely appeal followed.

The question before us is whether the Commonwealth produced sufficient evidence to identify Appellant as the perpetrator. Appellant's Brief at 4.

Our well-settled standard of review when evaluating a challenge to the sufficiency of the evidence mandates that we assess the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict-winner. We must determine whether there is sufficient evidence to enable the fact finder to have found every element of the crime beyond a reasonable doubt.

In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of

innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Evans*, 901 A.2d 528, 532–33 (Pa. Super. 2006) (internal citations and quotation marks omitted), *appeal denied*, 909 A.2d 303 (Pa. 2006).

A person commits simple assault where he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). Here, Appellant relies on the proposition that where the evidence supports "two equally reasonable and mutually inconsistent inferences," the jury should not be permitted to arrive at a verdict by guesswork. *Commonwealth v. Scott*, 597 A.2d 1220, 1224 (Pa. Super. 1991). Appellant relies on several facts: First, neither Keppley nor any other witness saw who punched her. Second, Keppley initially told police she was punched by an unknown person. Third, both Appellant and Chino were throwing punches when Keppley was hit. Thus, Appellant claims it is equally likely that Chino hit Keppley.

Appellant relies heavily on *Commonwealth v. Zymroz*, 363 A.2d 1142 (Pa. Super. 1976). There, the defendant challenged the sufficiency of the

- 3 -

evidence in support of her conviction for harassment by communication[1] for making repeated obscene telephone calls to the victim. The victim, a police officer, knew the defendant and testified that he was once involved in the prosecution of the defendant's adult male roommate (the defendant shared a residence with the male roommate and her two daughters). *Id.* at 1143. The victim therefore believed the phone calls were motivated by the defendant's animosity toward him. But the victim was unable to identify the voice of the caller, or even the caller's gender, and only four of the many traced phone calls originated from the defendant's home. *Id.*

The defendant argued on appeal that the record lacked sufficient evidence of her identity as the perpetrator, as she shared her home with three others, any one of whom might have been angered by the prior prosecution. This Court agreed and reversed the conviction. Because four people had access to the phone in the defendant's home, and because the motive for the obscene phone calls was potentially attributable to any one of them, the *Zymroz* Court reasoned that the verdict was based on conjecture. *Id.* at 1144.

Appellant argues that *Zymroz* warrants reversal in the instant case because here, as in *Zymroz*, there is no direct evidence of Appellant's guilt. Appellant's Brief at 12. Appellant also likens the instant case to *Zymroz* in

---

[1] That offense was codified at 18 Pa.C.S.A. § 5504, which has since been repealed.

that he is one of two people who could have committed the crime. *Zymroz* involved several people with the same potential motive and the same opportunity to commit the crime, and here Keppley was standing in close proximity to two people who were throwing punches. Appellant's Brief at 12, 13.

We find Appellant's reliance on *Zymroz* unavailing. That case involved a crime committed by telephone—not within close physical proximity to the victim. *Zymroz* involved several possible perpetrators and no evidence from which the factfinder could discern which one was the guilty party. In the instant case, the undisputed facts establish that Chino was in between Appellant and Keppley when she was punched in the neck. When Keppley was punched, Chino had his back to her and was facing and fighting Appellant. Chino stepped in front of Appellant as Appellant was advancing in Keppley's directing swinging a baseball bat. Those facts support a reasonable inference that Appellant, not Chino, was the person who punched Keppley.

In other words, this is not a case where the evidence supports "two equally reasonable and mutually inconsistent inferences." . *Scott*, 597 A.2d at 1224. Rather, the evidence considered in a light most favorable to the Commonwealth supports a reasonable inference that Appellant was the person who punched Keppley. The jury's verdict was not the product of mere speculation. In accordance with the applicable standard of review, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/2/2025