J-S47038-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SERENA ALICE NICOLE LEE, | : | |
| | : | |
| Appellant | : | No. 909 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 15, 2020
in the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001237-2019

BEFORE:    STABILE, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED MARCH 12, 2021**

Serena Alice Nicole Lee (Appellant) appeals from the January 15, 2020 judgment of sentence imposed after a jury found her guilty of fleeing or attempting to elude a police officer and recklessly endangering another person (REAP). Appellant's prior counsel, Enoch H. Jones, IV, Esquire, has filed a petition to withdraw and a brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), and **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009). In response, Appellant retained new counsel, Todd Mosser, Esquire, who filed an advocate's brief,[1] raising a new claim. Upon review, we affirm Appellant's judgment of sentence and grant Attorney Jones' petition to withdraw.

---

[1] We grant Appellant's October 16, 2020 application for post-submission communication.

---

*Retired Senior Judge assigned to the Superior Court.

We glean the following from the record. Appellant's charges stem from a high-speed chase. On July 6, 2019, Pennsylvania State Police Troopers Benjamin Forsythe and Brandon Olewine were on stationary patrol in a lot adjacent to Buchanan Trail West, a roadway with a posted speed limit of 55 miles per hour in the area being patrolled. At approximately 6:00 p.m., the troopers observed a black Chevrolet Camaro, driven by Appellant, traveling towards them at a high rate of speed. According to radar, Appellant was traveling 110 miles per hour. The troopers activated their lights and sirens. Appellant passed without stopping, and the troopers pulled behind Appellant onto Buchanan Trail West to initiate a traffic stop. Appellant slowed briefly and then continued to accelerate to approximately 150 miles per hour. During the ensuing chase, Appellant drove on the wrong side of the road and forced a vehicle to maneuver away to avoid being struck. The troopers reported the pursuit over radio. Trooper Christie Sages, who was in the area, responded and parked along Buchanan Trail West with her lights on. As Appellant approached Trooper Sages, Appellant turned off Buchanan Trail West and onto Lemar Road, a residential street. Troopers Forsythe and Olewine were unable to make the turn, so Trooper Sages continued the pursuit onto Lemar Road. At that point, Trooper Sages activated her sirens.

As Trooper Sages followed Appellant around a curve on Lemar Road, Trooper Sages lost sight of Appellant for a second. As Trooper Sages continued to give chase, she passed Appellant who had stopped the Camaro

in the front yard of a residence. Trooper Sages reversed her vehicle to approach Appellant, but slid into a ditch on the side of the road in the process. At that point, Troopers Forsythe and Olewine approached and found Appellant's vehicle in the yard. As Appellant exited the Camaro, the troopers took Appellant into custody without incident.

Based on the foregoing, Appellant was charged with, *inter alia*, fleeing, REAP, reckless driving, and trespass by motor vehicle. On November 14, 2019, Appellant proceeded to a jury trial on the first two counts and a simultaneous bench trial on the two summary counts. The Commonwealth presented testimony from Troopers Forsythe, Olewine, and Sages, and showed the dash-cam video recording from Trooper Olewine's vehicle. Appellant testified in her defense. According to Appellant, she did not normally drive the Camaro, which belonged to her father, and she was speeding because she was late for work. According to Appellant, Lemar Road was her "fun route when [] running late" because it has no traffic and she can "go fast." N.T., 11/14/2019, at 93. Appellant testified that she was listening to "very loud" music while she drove and had forgotten to adjust the rearview mirror. *Id.* at 93. Appellant further testified that she did not see the troopers, and that she stopped in the front yard because the rotors were malfunctioning, causing the Camaro to shake when braking at high speeds. On cross-examination, Appellant agreed that her behavior

endangered herself and others. *Id.* at 104-05. At the conclusion of the trial,

Appellant was found guilty as charged.

> On January 15, 2020, the trial court sentenced Appellant on the fleeing charge to 6 to 23 months' imprisonment in the Franklin County Jail, with parole at the expiration of the minimum, provided Appellant had a home plan. On the [REAP] charge, Appellant was sentenced to 24 months' probation. The sentences were ordered to run concurrently.[2]
>
> On January 24, 2020, Appellant filed a post-sentence motion, [challenging the sufficiency and weight of the evidence and the discretionary aspects of her sentence]. On the same date, Appellant filed a motion for bail pending appeal. After a hearing on both motions on January 31, 2020, the trial court granted Appellant's motion for bail pending appeal and directed Appellant to file an amended post-sentence motion within fourteen days of the date of the order.
>
> [Appellant sought and was granted an extension of time to file the amended motion.] On March 6, 2020, Appellant filed an amended post-sentence motion, withdrawing her claims with regard to the sufficiency of the evidence and the weight of the evidence. On April 6, 2020, the Commonwealth filed a response[]. By opinion and order of court filed April 28, 2020, the trial court denied Appellant's motion.

Trial Court Opinion, 7/8/2020, at 1-2 (party designations altered; footnotes

and unnecessary capitalization omitted). This appeal followed.[3]

---

[2] Attorney Jones represented Appellant at trial and at her sentencing hearing. Following Appellant's sentencing hearing, she retained Erich E. Hawbaker, Esquire, as counsel.

[3] Appellant *pro se* filed a notice of appeal. Thereafter, Attorney Hawbaker was granted leave to withdraw and Attorney Jones was again appointed to represent Appellant.

We must first address the request to withdraw by Attorney Jones, with the following principles guiding our review.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof....
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720–21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the **Anders** procedure:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's

> conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

**Commonwealth v. Cook**, 175 A.3d 345, 348 (Pa. Super. 2017).

Although the **Anders** brief does not include citations to the record in the statement of the case, we conclude that Attorney Jones has complied substantially with the technical requirements set forth above. **See Commonwealth v. Prieto**, 206 A.3d 529, 533 (Pa. Super. 2019) (citation omitted) ("Substantial compliance with [**Anders/Santiago**] requirements is sufficient."). As discussed *supra*, Attorney Mosser has filed an advocate's brief on Appellant's behalf, raising a new claim. Accordingly, "our independent review is limited to those issues raised in the **Anders** brief. We then review the subsequent [] counseled filing as we do any advocate's brief." **Commonwealth v. Bennett**, 124 A.3d 327, 333 (Pa. Super. 2015).

The first two issues identified in the **Anders** brief challenge the sufficiency of the evidence supporting Appellant's convictions for fleeing and REAP. **Anders** Brief at 13-15. Our standard of review for a challenge to the sufficiency of the evidence is well-settled. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Giron**,

155 A.3d 635, 638 (Pa. Super. 2017) (citation and quotation marks omitted).

> Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt.
>
> The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. Therefore, we will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Akhmedov*, 216 A.3d 307, 322 (Pa. Super. 2019) (*en banc*) (citations, quotation marks, and original brackets omitted). Fleeing or attempting to elude a police officer is defined as "[a]ny driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop[.]" 75 Pa.C.S. § 3733. An individual commits REAP if she "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705.

As detailed *supra*, the jury heard testimony from the three troopers and Appellant, and observed a video of the pursuit. Upon review, we conclude that the evidence, especially of Appellant's high rate of speed, her

failure to stop for the troopers, and her driving on the wrong side of the road, was sufficient to establish the elements of fleeing and REAP. The jury clearly found Appellant's testimony that she was unaware of the pursuing troopers to be incredible, and we will not disturb that credibility determination. Accordingly, we agree with Attorney Jones that Appellant's sufficiency claims are frivolous.

The third and final claim raised in the **Anders** brief challenges the discretionary aspects of Appellant's sentence. **Anders** Brief at 16-18. We consider this mindful of the following.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

**Commonwealth v. Samuel**, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant has satisfied the first three requirements. However, in the Pa.R.A.P. 2119(f) statement contained in the **Anders** brief, Attorney

- 8 -

Jones avers that because "Appellant received a sentence that was squarely within the standard range of sentences," Appellant "is unable to put forth a colorable argument that her sentence was inconsistent with a specific provision of the Sentencing Code, or contrary to the fundamental norms which underlie the sentencing process[.]" *Anders* Brief at 12 (citation omitted). In Appellant's amended post-sentence motion, she contended that the sentence was unduly harsh because she will be unable to care for her daughter and father while in jail, and the trial court failed to consider the protection of the public, the gravity of the offense, and Appellant's rehabilitative needs. Amended Post-Sentence Motion, 3/6/2020.

> This Court has held on numerous occasions that a claim of inadequate consideration of rehabilitative needs does not raise a substantial question for our review. Similarly, an allegation that a sentencing court failed to consider or did not adequately consider certain mitigating factors does not raise a substantial question that the sentence was inappropriate.

*See Commonwealth v. Pacheco*, 227 A.3d 358, 375, (Pa. Super. 2020) (citations omitted), *appeal granted in part on other grounds*, 237 A.3d 396 (Pa. 2020). Appellant was sentenced within the standard range of the sentencing guidelines. The trial court had the benefit of a pre-sentence report, as well as letters from Appellant and her father. It is evident from the record that the trial court considered at length all relevant factors, including the effect of a jail sentence on Appellant's daughter and father, but ultimately concluded that Appellant's conduct warranted a standard-range

jail sentence on the fleeing charge. **See** Trial Court Opinion, 3/28/2020, at 4-7; N.T., 1/15/2020, at 3-9. Thus, we agree with counsel that Appellant cannot put forth a substantial question that the sentence appealed from is not appropriate, and that a discretionary-aspects-of-sentencing claim is therefore frivolous.

Having reviewed the claims raised in the **Anders** brief, we now turn our review to the single claim raised in Appellant's brief: whether the trial court erred in giving a jury instruction on consciousness of guilt "where there was no factual evidence to support the issuance of that charge[.]" Appellant's Brief at 4.

We review this claim mindful of the following. "When reviewing the propriety of a jury charge, an appellate court examines the charge as a whole. The trial court has broad discretion in formulating jury instructions, as long as the law is presented to the jury in a clear, adequate, and accurate manner." **Commonwealth v. Lukowich**, 875 A.2d 1169, 1174 (Pa. Super. 2005) (citations omitted). "Our Supreme Court has noted that [w]hen a person commits a crime, knows that he is wanted therefor, and flees or conceals himself, such conduct is evidence of consciousness of guilt, and may form the basis in connection with other proof from which guilt may be inferred." **Commonwealth v. Barnes**, 593 A.2d 868, 869 (Pa. Super. 1991) (citation and quotation marks omitted).

By way of background, the Commonwealth proposed a consciousness of guilt instruction based upon Appellant's driving onto the yard as an attempt to hide from the troopers. Appellant objected on the basis that whether Appellant was hiding was a credibility issue for the jury to determine, and that there was no evidence offered that indicated she was hiding. N.T., 11/14/2019, at 108-09. The trial court overruled the objection, finding that precluding the instruction was improper where "there are two different versions of the evidence" and it was up to the jury to decide how to apply the evidence. *Id.* at 109. Thereafter, the trial court provided the following instruction to the jury.

> Now, there was evidence that tended to show that [Appellant] hid from the police by parking her vehicle [in the yard,] an address where she did not have permission to be, in an attempt to conceal herself from the police. [Appellant] maintains that she parked [there] because she was fearful to continue driving her shaking vehicle. The credibility, weight, and effect of this evidence is for you to decide.
>
> Generally speaking, when a crime has been committed and a person thinks he or she may be accused of committing it and he or she flees or conceals himself or herself, such flight or concealment is a circumstance tending to prove the person is conscious of guilt. Such flight or concealment does not necessarily show consciousness of guilt in every case. A person may flee or hide for some other motive and may do so even though innocent.
>
> Whether the evidence of flight or concealment in this case should be looked at as tending to prove guilt depends on the facts and circumstances of this case, especially upon the motive that may have prompted the flight or concealment. And you may not find [Appellant] guilty solely on the basis of evidence of concealment.

- 11 -

*Id.* at 135.

On appeal, Appellant argues that the evidence presented at trial indicated Appellant "stopped her car in plain view. She did not try to drive around to the back of the house nor did she attempt to flee the vehicle. It was simply impossible for her to 'conceal' herself from several troopers who were chasing her[.]" Appellant's Brief at 8 (unnecessary capitalization omitted).

Upon review, the evidence supported the inference that Appellant was attempting to flee from the troopers when she turned onto Lemar Road and, after losing sight of Trooper Sages' vehicle around a bend, drove onto someone's front yard and began to exit her vehicle. The fact that she was unsuccessful in her attempt to flee and/or conceal herself does not preclude the trial court from offering the instruction and allowing the jury to determine whether it believed Appellant's explanations for her driving pattern, or whether it believed the evidence presented supported Appellant being conscious of her guilt. Accordingly, we discern no abuse of discretion in the trial court's consciousness-of-guilt charge.

Based upon the foregoing, Appellant is not entitled to relief. Accordingly, we affirm Appellant's judgment of sentence and grant Attorney Jones' petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

J-S47038-20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/12/2021